CASE 23—PETITION EQUITY—SEPTEMBER 23.

# Turners vs. Howard.

### APPEAL FROM MADISON CIRCUIT COURT.

1. A sheriff may legally execute any order for a provisional remedy issued by a justice of the peace. (*Secs.* 66 *and* 823, *Civil Code.*)

2. The circuit court has power, on motion of the plaintiff, in an attachment pending in an inferior court, though not returned, to order it to be brought into the circuit court, when there is pending in that court other attachments which have been levied on the same property. (*Acts* 1862, *page* 42, *Myers' Supplement.*)

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

We have considered the many questions presented by the Turners, and their objections to the allowance of various claims against Pully, yet we deem but one of sufficient importance to require any elaboration.

Various creditors of Pully had sued out attachments against his estate, appellants among them. Bourne and Gilbert had also sued out attachments from a justice of the peace, on claims under fifty dollars, and had their attachments placed in the sheriff's hands before appellants had theirs; the sheriff levied these small attachments on personal property before he levied appellants', and thereby they became entitled to priority, if their proceedings are legal; but appellants insist, first, that the sheriff could not levy attachments from a justice of the peace, and that such levy created no lien.

By section 66, Civil Code, summons from a circuit court should be "directed to the sheriff of the county, or, at the request of the plaintiff, to the jailer, coroner, or a constable."

By section 73 "the summons may be *served* by the officer to whom it is directed, *or by any officer to whom it might have been directed.*"

By section 823 the summons, orders for provisional remedies, and other process from courts of justices of the peace, shall be directed to a constable;    *    *    *    "but the summons may be served *by any officer or person authorized by this Code to serve a summons.*

Turners vs. Howard.

It is true this latter clause mentions the summons only, but it may be safely stated, as a universal rule under the Code, that the officer authorized to execute the summons may exe- cute the orders for provisional remedies; and, as the sheriff in this case was legally authorized to execute the summons, he could also execute the attachment.

The summons would have more strictly complied with the Code had it been directed alone to any constable of the county, instead of being to the sheriff or constable; but its being needlessly directed to the sheriff also does not vitiate and render it a nullity.

The attachment had been executed, but not returned to the justice of the peace, when the circuit court made the order removing it from the justices' to the circuit court. It is insisted that such removal was not authorized by the act approved March 17, 1862. (*Session Acts, page* 102.)

The act provides, that where actions in which attachments may be pending in the circuit court and in the inferior courts of said county, and which have been levied on the same property, it shall be the duty of the judge of the circuit or inferior court, upon the motion of either party, to make an order for the removal of the action pending in the inferior to said circuit court, and such actions shall be tried as if origin- ally brought in the circuit court.

After the suing out of the attachments and summons, they were pending actions, though not returned; and until returned to some other justice of the peace, must be regarded as pend- ing before the justice of the peace who issued them. It was clearly the duty of the circuit court, on the motion of the plaintiffs in these small attachments, to order them changed to the circuit court, where various other attachments were pending, and which had been levied on the same property, so that the said circuit court could, as is contemplated by said act, properly distribute the proceeds of the attached property according to the priority of the attachment liens.

We perceive no error in distributing the attached funds; wherefore, the judgment is affirmed.