Howe & Barnes, &c., v. Stevenson & Williams, &c.

CASE 77—PETITION EQUITY—DECEMBER 9.

# Howe & Barnes, &c., v. Stevenson & Williams, &c.

### APPEAL FROM CLARK COURT OF COMMON PLEAS.

1. IT IS A CONDITION PRECEDENT TO THE POWER OF ONE COURT TO ORDER THE TRANSFER OF CASES FROM ANOTHER, under the provisions of section 210 of the Civil Code, that attachments shall have been levied.

2. SUBMISSION TO JURISDICTION.—Although an action may have been improperly transferred from the court in which it was brought, the plaintiff, by moving for judgment in the court to which the action has been transferred, waives his right to object to the jurisdiction of that court, the court having jurisdiction of the subject.

3. CASE ADJUDGED.—In an action by assignees for the benefit of creditors to settle the trust, an injunction was granted restraining creditors from proceeding in any other action to enforce their demands. Notwithstanding the injunction, certain creditors, who were defendants to that action, brought suit against the assignees in another county. By an order made in the former action, the latter action was transferred to that court and the two actions consolidated. The plaintiffs in the latter action moved to remand it to the court from which it came, and that motion being overruled, they moved the court to take their petition for confessed. because no answer had been filed. *Held*—That the court should have remanded the case, the transfer of the case being unauthorized, but the court having jurisdiction of the subject, the plaintiffs. by moving for judgment, waived their right to thereafter object to the jurisdiction of the court. The proper practice would have been for the assignees to have appeared in the action by the creditors and filed their answer. disclosing the pendency of their action in another county, and the fact that an injunction had been granted, whereupon it would have been the duty of the court to suspend proceedings in the action by the creditors.

W. H. HOLT AND H. L. STONE FOR APPELLANT.

1. The Clark Court of Common Pleas was without authority to order this case to be transferred from the Montgomery Circuit Court. There is no provision of the Civil Code authorizing the transfer of an action from one court to another, except in sections 13 and 210, and neither of those sections is sufficient to authorize the transfer made in this case. The provisions of the General Statutes as to "change of venue" relate to civil actions triable by a jury.

2. The Clark Court of Common Pleas had no jurisdiction to make any order in this case, the Montgomery Circuit Court having first acquired jurisdiction of the action and of the subject-matter. (Drake v. Bedinger, Sneed, 188; Howes v. Orr, 10 Bush, 439.)

3. The mere fact that plaintiffs moved to have the petition taken for confessed was not a waiver of their objection to the jurisdiction.

RODNEY HAGGARD and WM. LINDSAY for appellee bush.

1. As there is only a partial transcript of the record in the Clark county case in which the order of transfer was made, it must be presumed that a complete transcript of the record in that action would show that the order of transfer or removal was properly made. Without the record in that action, it is impossible to say that proper notice was not given, or that affidavits were not read, or that the affidavits did not show that there were attachments in the several actions levied on the same property in whole or in part. (Civil Code, séc. 210; Harvey v. Payne, 2 Met., 452.)

2. The plaintiffs, by moving for judgment in the Clark court, submitted to the jurisdiction of that court.

3. If the order for removal was unauthorized, the Clark court was without jurisdiction and its judgment void. There can, therefore, be no reversal until there has been a motion to set that judgment aside. (Civil Code, secs. 96, 113 and 763.)

JUDGE BENNETT delivered the opinion of the court.

The appellees, Stevenson & Williams, on the 18th of December, 1882, sold to the appellee, Bush, real and personal estate, and for the price of which he executed to Williams & Stevenson four notes. Shortly after this transaction, Williams & Stevenson made an assignment of their property to the appellees, Beckner & Winn, for the equal benefit of all their creditors. Among the assets assigned and delivered for said purpose were the four notes on the appellee Bush. Soon after the assignment for the benefit of creditors by Williams & Stevenson, the assignees brought suit in the Clark Common Pleas Court for the purpose of having a settlement of said estate, and a distribution of the proceeds among the creditors of the assignors. The

appellants, as creditors of the assignors, were all made defendants to said suit; some of them were served with summons. The Clark Common Pleas Court granted an injunction restraining the creditors of the assignors from proceeding by any other action to enforce their demands. After this order had been made, the appellants brought a joint action in the Montgomery Circuit Court against Williams & Stevenson and their assignees and V. W. Bush, in which they allege that the sale to Bush of said property was made with the design to prefer him as creditor or partner or surety to the exclusion of Williams & Stevenson's other creditors, and in contemplation of insolvency, of all of which they allege Bush had notice. It is also alleged that the assignment to Beckner & Winn was intended to secure Bush in his said purchase, and that the assignees refused to assert claim to the property sold Bush by the assignors; and that they had colluded with the grantors for the fraudulent purpose of hindering and delaying their creditors, etc. They asked to have the sale by Williams & Stevenson to Bush treated as an assignment for the benefit of all their creditors, etc.

It appears from the record that the Clark Common Pleas Court, in the case of Beckner & Winn, assignees of Williams & Stevenson, ordered the case of appellants against appellees transferred from the Montgomery Circuit Court to the Clark Common Pleas Court, to be consolidated with the case of said assignees, which was done.

After said transfer, appellee Bush filed· his separate answer to appellants' petition. In his answer he ad-

mits the sale of said property to him, and the subsequent assignment by Williams & Stevenson for the equal benefit of their creditors, but denies specifically and fully all of appellants' allegations in reference to the purpose and intention with which said sale was made, and in reference to the purpose and intention with which said assignment was made.   Beckner & Flanagan, the latter having been substituted as assignee, filed separate answers.   The latter denied all of the allegations in reference to ·the intention with which the assignment was made.   Bush's answer also set up affirmative matter which was material.   The appellants did not reply to the answer of Bush. The case was submitted to the court for hearing without proof, and the court dismissed appellants' petition. They have appealed to this court.

The court, if it had jurisdiction, did right in dismissing the petition; first, because all of the allegations of the petition, in reference to the purpose and intention with which the sale was made, being denied, and the burden of proof being on the appellants to establish the truth of said allegations, there was a failure of proof ; second, all of the allegations of the petition in reference to the intention with which the assignment was made being denied, there was a failure of proof as to that matter.

Previous to the filing of the answers, the appellants moved the Clark Common Pleas Court to remand the case to the Montgomery Circuit Court upon the ground that the Clark Common Pleas Court had no jurisdiction of the case.   The motion was overruled.   Subsequently the appellants moved the said court to take their peti-

tion for confessed, because there was no answer filed. This motion was overruled, and the appellees were allowed to file answers.

The question is, had the Clark Court of Common Pleas the right to have the appellants' case transferred from the Montgomery Circuit Court to the Clark Court of Common Pleas, to be consolidated with the case of Williams & Stevenson's assignees pending in the latter court? If not, then the motion of appellants to have the papers of said case remanded to the Montgomery Circuit Court should have prevailed; and for the error of the Common Pleas Court in overruling the motion, the case will have to be reversed, unless the appellants waived their right to take advantage of the error by subsequently moving the court for a submission of the case, and for judgment by default.

Section 210 of the Civil Code of Practice provides: "If attachments levied on the same property, in whole or in part, be pending in different courts; 1. If the courts be of equal jurisdiction, either of them, or during vacation the judge thereof, may order the removal of so many of said attachments, and of the actions in which they may have been issued, as may be necessary to have all of them in one of said courts."

The third subsection provides that such order may be made upon motion of any party to either of said actions after reasonable notice to all other parties to said actions or to their attorneys.

The record before us fails to show that an attachment was issued or levied in the case brought by appellants against the appellees in the Montgomery Circuit Court. Indeed, the affidavit of one of the appellants shows that

no attachment was issued ; and nothing appearing to the contrary, we are bound to conclude that there was no attachment issued or levied.   Under the provision of the Code *supra*, it is a condition precedent to the power of one court to order the transfer of cases from another court, under the circumstances therein provided for, that an attachment should have been levied.   That not having been done in the case of appellants pending in the Montgomery Circuit Court, the action of the Clark Court of Common Pleas in ordering the transfer was wrong, and the motion of the appellants to have said order set aside and the case remanded to the Montgomery Circuit Court should have prevailed.

The proper practice in such a case was for the assignees of Williams & Stevenson to have appeared in the Montgomery Circuit Court, and have filed their answer to appellants' petition, disclosing the fact to the court that their suit was pending in the Clark Court of Common Pleas for the purpose of settling the estate of Williams & Stevenson as an insolvent estate, and for distributing the proceeds equally among their creditors, and that appellants were party defendants to said action ; and that the creditors of said Williams & Stevenson had, by the order of said court, been enjoined from proceeding by any other action to enforce their demands.   Thereupon it would have been the duty of the Montgomery Circuit Court to suspend proceedings in said case until the rights of the parties could be determined in the action pending in the Clark Court of Common Pleas.

Now there is no doubt that the appellants could have raised the same question, and set up the same state of

facts, and demanded the same relief in the case pending in the Clark Court of Common Pleas wherein they were defendants that they sought by their action in the Montgomery Circuit Court. The Clark Court of Common Pleas had jurisdiction of the subject-matter of the action and of the parties as full and complete as did the Montgomery Circuit Court, had the appellants chosen to avail themselves of that forum.

The only thing that deprived the Clark Common Pleas Court of its jurisdiction was the fact that, by the voluntary act of the appellants, the Montgomery Circuit Court acquired jurisdiction. After this jurisdiction was acquired, the Common Pleas Court attempted to obtain jurisdiction of the case in the manner above mentioned. The appellants appeared before that court and objected. This they had a right to do, and the court should have heeded their objection and remanded the case to the Montgomery Circuit Court. But it did not, and the appellants properly excepted, and that exception would be available here if the appellants had proceeded no further. They were the actors; by standing still and letting the court take such action, after overruling their motion as it pleased, they would not have waived their right to insist here that the court had no jurisdiction in consequence of another court having acquired jurisdiction, which they preferred not to surrender. They, as actors, unlike a defendant, had the right to stand still. But they did not. After the court had refused to remand the case, they then asked for a confession and judgment. This was refused because the appellees said they wished to answer. But for this they would have obtained a confession and judgment

for the full relief asked. Can it be doubted that the judgment would have been valid? Why? Because primarily the court had jurisdiction of the subject-matter of the action and of the parties, which it was deprived of exercising in that particular case by the voluntary act of the appellants; and by their voluntary act they could waive their right to the jurisdiction of another forum, in which they had sought redress, and give it to the court in which they then were—brought there, it is true, against their will, and by a technical violation of their jurisdictional rights. This they did, by asking for a submission of the case, and for judgment upon the facts set up in the petition.

The judgment of the lower court is affirmed.

Judge HOLT not sitting.