# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

JANUARY TERM, 1890.

CASE 63—PETITION EQUITY—JANUARY 9, 1890.

## Heidrich & Co. v. Silva, &c.

APPEAL FROM CAMPBELL CHANCERY COURT.

1. PREFERENCE OF CREDITORS—ACTION BY ONE CREDITOR INURES TO
BENEFIT OF ALL.—When a creditor institutes an action to have an
act of his insolvent debtor declared to operate as an assignment under
the statute, the action inures to the benefit of all the other creditors,
and the plaintiff can not, by a dismissal of his petition after they
have filed their claims, destroy this right. Nor can he, by refusing
to appeal from a judgment dismissing his petition, deprive the cred-
itors who have proved their claims of the right to prosecute an
appeal.

2. SAME.—To entitle creditors to relief under the statute, the act of the
debtor must have been done, not only in contemplation of insol-
vency, but with the design to prefer one creditor over another.
Therefore, it is not sufficient to allege that the debtor was insol-
vent; it must also be alleged that the act complained of was done
with the design to prefer.

JOHN S. DUCKER FOR APPELLANTS.

1. The original plaintiff in an action, under the act of 1856, can not dis-
miss his petition so as to defeat the action as to other creditors who
have filed their claims, and thus made themselves parties. Nor can
he dismiss an appeal which he has prosecuted jointly with such

creditors from a judgment dismissing his petition. (Sawyers v. Langford, 5 Bush, 539; Brenner v. Downard, 11 Ky. Law Rep., 308.)

2. The debtor being insolvent, the law presumes that he knew it, and also presumes an intention to prefer, and it was not necessary, therefore, to allege these facts. Where the law presumes a fact, it need not be alleged. (1 Chitty on Pleading, side page 226; Tennison v. Tennison, 16 N. E. Rep., 818; Bliss on Code Pleading, sec. 175; Grimes' Assignee v. Grimes, 9 Ky. Law Rep., 695; Applegate v. Murrill, 4 Met., 23; Story v. Graham, 4 Met., 321; Thompson v. Heffner's Ex'rs, 11 Ky. Law Rep., 359; Temple, Barker & Co. v. Poyntz, 2 Duv., 277.)

3. It was not necessary that the preferred creditor should have knowledge of the insolvency of the debtor, or of the design to prefer. (Fogarty & Neil v. Pace, 4 Ky. Law Rep., 999; Nock's Ex'r v. Goodloe, 5 Ky. Law Rep., 247.

4. As there was a reference to the master commissioner, and no objection to the pleadings by demurrer or otherwise, the defects, if any, were cured. (Daniel v. Holland, 4 J. J. M., 21; Bliss on Code Pleading, sec. 438.)

CHAS. J. HELM FOR APPELLEES.

1. The appeal should be dismissed, because Heidrich & Co. have no interest in the subject-matter of the litigation, and their assignee disclaims the appeal. As to the other appellants, they were never parties to the case of Heidrich & Co.

2. The petition is bad, because it does not allege that the act complained of was done, either in contemplation of insolvency. or with the design to prefer. In such an action, it is necessary to allege both of these facts. (Millett, &c., v. Pottinger, &c., 4 Met., 215; Thompson, &c., v. Heffner's Ex'r, 11 Bush, 359.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

December 24, 1887, the appellee, Albert Silva, for ten thousand four hundred and twenty dollars, conveyed certain real estate to F. C. Miller, and a grocery store for four thousand five hundred dollars to Thomas Weston. He also, upon the same day, paid Ann E. Webster a debt of three hundred and forty dollars, and one of five thousand five hundred. dollars to the German National Bank. He was then insolvent, and upon the

night of the day of these sales and payments he conveyed his remaining property to a trustee for the payment of his debts. Suits were brought by some of the creditors, and attachments obtained. December 28, 1887, Heidrich & Co., who were creditors of Silva, brought an action for the purpose of having the sales and payments mentioned declared acts of insolvency under what is generally known as the statute of 1856. The trustee also brought an action for a settlement of the debtor's estate, and all of the actions were consolidated. An order of reference to the master to hear proof of claims and of any acts of insolvency was entered. He filed a report, which, among other claims, allows those of the creditors who now claim the right to maintain this appeal. A personal judgment was rendered against Silva in the suit of Heidrich & Co. for their debt, and the action was discontinued as to Miller and Weston. It was then submitted for judgment as to whether Silva had committed any act of insolvency, the purpose being, of course, to compel Ann E. Webster and the bank to account for the money paid them, and its division *pro rata* among the creditors. Before any judgment was rendered an assignment from Heidrich & Co. of their claim to Paris C. Brown was filed. The action was subsequently dismissed upon the ground of defective pleading. None of the creditors, save Heidrich & Co., who brought the suit, were parties to it by pleading. This appeal was taken in the name of Heidrich & Co. and some of the other creditors who proved their claims before the master. Heidrich & Co. appear not to have authorized it, and Brown now objects to it. The appellees, therefore,

move to dismiss the appeal *in toto*, claiming that the creditors who were not parties to the suit by pleading, and merely proved their claims before the master, have no right to maintain it.  Such an action, however, when brought by one creditor, inures to the benefit of all the other creditors.  He can not, by a dismissal of his petition after they have filed their claims, destroy this right.

The statute expressly declares that the act of insolvency "shall operate as an assignment and transfer of all the property and effects of such debtor, and shall inure to the benefit of all his creditors."  It also provides that the action shall be conducted as one for the settlement of a decedent's estate, so far as applicable (General Statutes, chapter 44, article 2, section 3); and section 432 of the Civil Code declares that a creditor of a decedent, by proving his claim before the master, becomes a party to the action, and is concluded by the final judgment.

The creditors, in this instance, by proving their debts, became parties to the action, and are entitled equally with the original plaintiff to make any question or take any step in it.  As he could not, by dismissing his petition, prejudice their rights acquired by the filing of their claims, so he can not, by objecting to an appeal, cut off their right to one.  By presenting their claims, they acquired a right independent of him, and which they may assert in the action, even over his objection.  Nor is this right, as to an appeal, to be denied, because the master's report, as to claims, may not have been acted upon by the court.  They had become parties to the action, and may, therefore, ques-

tion, by appeal, any final judgment which affects their rights. They had a right to prove their claims without waiting for the judgment of the court as to whether an act of insolvency had been committed by the debtor. It was quite proper that they should do so to enable the chancellor to act intelligently; and, by doing so, they acquired a standing in court. Any other rule would often lead to unfair combinations between the creditor bringing the suit and the opposing parties, and defeat that equality among creditors which the statute was intended to produce. (Sawyers, &c., v. Langford, &c., 5 Bush, 539.)

The motion to dismiss the appeal is, therefore, overruled.

The question next presents itself, whether the pleadings, upon the part of the plaintiff, furnish ground for the desired relief.

Proof, without pleading, can not, of course, avail. It is quite meritorious in a debtor to pay his creditor. He may even prefer him over his other creditors without being guilty of actual fraud. Relief in such a case is afforded by reason of the statute alone. To obtain it the party must aver, in his pleading, the facts required by the statute to authorize it. Its language is: "Every sale, mortgage or assignment made by debtors, and every judgment suffered by any defendant, or any act or device done or resorted to by a debtor *in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion in whole or in part of others*, shall operate as an assignment and transfer of all the property and effects of such debtor, and shall inure to the benefit of all his creditors in

proportion to the amount of their respective demands."
* * (Gen. Stats., chap. 44, art. 2, sec. 1.)

Two things must concur to entitle the creditor to re-
lief, to-wit: First, the act must be done in contempla-
tion of insolvency; and second, with the design to
prefer one creditor over another. If the debtor knows
that he is insolvent at the time, then the design to pre-
fer will be presumed, but not absolutely; or, if he con-
templates becoming so, and does the act with the design
to prefer, then the transaction is within the statute. If,
however, the circumstances show that no preference was
intended, then the act will not be held to be one of
insolvency within the statute, although the debtor may,
in fact, have been insolvent at the time. (Grimes' As-
signee, &c., v. Grimes, 86 Ky., 511.)

Thus, if A be bound, both as principal and surety,
and, considering all this liability, is insolvent, yet
if he have ample to pay his own debts, and it is not
known he will have to pay those for which he is
surety, and, under these circumstances, he, not in
contemplation of insolvency, or with any design to
prefer, makes a payment to a creditor, it should not
be held to be a preference within the statute. This
instance is given to show that it is not sufficient to
merely aver the insolvency of the debtor at the time
of the doing of the act. In doing it, he must contem-
plate his insolvency, and intend to prefer the creditor.
The pleader need not, of course, use the language
of the statute. It is sufficient, if the facts required
by it are substantially stated; but while the intent of
the debtor may be inferred from facts proven, yet this
does not dispense with the necessity of pleading the

facts essential to relief. In this instance, it is not averred that the debtor knew of his insolvency, or that he contemplated it, or that there was any design upon his part to prefer; nor are facts stated from which these essential conditions are necessarily inferable. It is merely averred that when the payments were made Silva was insolvent. It is not necessary to aver that the preferred creditor knew of the insolvency at the time. The question of his knowledge does not enter into it; but it must be averred that the debtor acted under the conditions named in the statute. In this instance, facts are not stated from which the law presumes what is necessary to entitle the plaintiff to relief; nor can they be implied from what is stated. The fact that objection was not taken to the pleading by demurrer or otherwise, and that there was no denial of it, can not, therefore, avail, because it presented no grounds for relief.

The averments that the payments were acts of insolvency and preference, and operated for the benefit of all the creditors, were merely legal conclusions, which fail to support the pleadings, and it results that the chancellor properly dismissed the action, because the grounds for relief required by the statute were not stated.

Judgment affirmed.