RIVERS v. PRIESTER.

PRIESTER v. WHALEY & RIVERS.

*EX PARTE* PRIESTER, *IN RE* PRIESTER v. WHALEY & RIVERS.

1. JURISDICTION—WAIVER—DOCKETING.—Failure to object at trial of case that it had not been docketed in time, is waiver of right to afterwards make. the objection. *Simms* v. *Philips,* 46 S. C., 149, *distinguished from this.*

2. PLEADINGS—AMENDMENT—DISCRETION.—No abuse of discretion here in ordering complaint to be amended in final decree so as to conform to facts proved.

Before TOWNSEND, J., Barnwell, November, 1899.   Affirmed.

Action for possession of land by J. M. Rivers against T. E. Priester; motion by plaintiff to vacate judgment in foreclosure in J. P. Priester against Whaley & Rivers; and motion by T. E. Priester to vacate judgment in foreclosure in latter case.   From Circuit decree refusing these two motions, J. P. and T. E. Priester appeal.

*Mr. J. O. Patterson,* for appellants, cites : *As to jurisdiction:* 46 S. C., 149; 51 S. C., 171; 53 S. C., 202; 19 S. C., 224; 24 S. C., 122; 12 S. C., 558; 54 S. C., 545; 25 S. C., 416.   *As to amendment allowed:* Code, 194; 18 S. C., 316; 32 S. C., 120; 55 S. C., 90; 31 S. C., 204; 49 S. C., 513; 24 S. C., 135; 21 S. C., 221, 226.

*Messrs. Bates & Simms,* contra, cite: *As to waiver of jurisdictional defects:* 4 McC., 79.   *As to docketing:* Code, 276, 28; 23 S. C., 160.   *Questions precluded by former judgment:* 17 S. C., 35; 55 S. C., 507.   *As to amendment:* 30 S. C., 564; 37 S. C., 335; 53 S. C., 315; 54 S. C., 115; 23 S. C., 283.

July 11, 1900.   The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts of this case are thus set forth by Judge Townsend in that portion of his decree which we copy, as follows: "The first above mentioned case is for trespass to try title in the usual form, and was by consent referred to the master to take testimony and to report to this Court, and said report is in. The remaining two matters were motions to vacate and set aside a judgment in foreclosure heretofore entered in this Court, and all of these matters being closely connected and dependent upon the same state of facts, were by consent heard by me together upon the pleadings and testimony in that first case and upon the papers in the motions above stated. The following are the facts found by me, after hearing the whole matter, and for convenience are arranged in narrative form: Upon the 27th day of February, 1891, and the 7th day of September, 1891, the above mentioned J. P. Priester executed and delivered to Whaley & Rivers two mortgages upon the real estate in the complaint set forth and described, in the sum of $3,000 each, and these two mortgages were duly recorded in the office of R. M. C. for said county upon the 27th day of February and the 7th day of September, 1891, respectively, in book 54, pages 99 and 135. The said Priester having defaulted in the payment of said mortgages, an effort was made by the said Whaley & Rivers to foreclose the same under the power contained in said mortgage, by an advertisement in one of the newspapers in said county; but the said defendant, J. P. Priester, through his attorneys, Messrs. Patterson & Holman, filed an action entitled J. P. Priester *v.* Whaley & Rivers, for an accounting and injunction pending same; and the said sale was enjoined and a rule to show cause why the injunction should not be continued pending the trial of the case was granted by his Honor, Judge Witherspoon, and at the November, 1894, term of said Court the matter was argued, the injunction continued, and an order of reference to take the accounting demanded by the mortgagor were all signed by his Honor, Judge Witherspoon, at the said term of Court. The order of reference to

the master, however, required the reference to be held by a
given day, and the same was not held within the time limited
by said order; and when the same was held, the mortgagor's
attorneys aforesaid appeared before the master and objected
to the references on the ground that the said order was
*functus officio* and had expired by its own limitation, and at
the same time gave notice that at the succeeding term of the
Court they would apply for an order of discontinuance of
said action filed on behalf of said Priester, mortgagor.
Nothing was done by the master at this reference beyond
taking proof of the mortgages admitted by the complaint of
the plaintiff, and the defendants, mortgagees, Whaley &
Rivers, who in said action had filed an affirmative answer
praying foreclosure of said mortgages, gave due notice to
plaintiff's attorneys that upon a given day they would take
the testimony of J. M. Rivers, one of the defendants, before
a notary public in Charleston, *de benne esse.* At the hear-
ing no one appeared for the plaintiff; the testimony of Rivers
was taken and the whole accounting gone into and testified
to in detail, and this testimony so taken was duly sent to the
clerk of this Court to be used in the trial of the cause, and
the whole matter, that is to say, the application for a discon-
tinuance, the report of the master and the testimony *de
benne esse,* were all ready for a hearing at the regular term
in July, 1895. This Court was not held, however, at that
term, owing to the illness of Judge Watts; but his Honor,
Chief Justice McIver, appointed a special term to be held in
August of said year, and at this special term Judge Watts
presided. The case was called up and Messrs. Patterson &
Holman moved to discontinue the action, and defendant's
attorneys moved for a new trial and a judgment of foreclos-
ure. His Honor, Judge Watts, granted a judgment of
foreclosure, and in said decree it appears that the plaintiffs'
attorneys had announced that they had obtained all the relief
demanded by them. Upon the filing of this decree, the
attorneys for Priester, the mortgagor, gave notice of appeal
to the Supreme Court from the judgment of foreclosure, and

prepared their case with exceptions, &c.; but the said appeal was dismissed for want of prosecution, and the lands described in the complaint and answer were sold by the master for said county on salesday in November, in 1895, under said decree of foreclosure, and were purchased by J. M. Rivers, who complied with the terms of sale and received master's title to the same, upon the same day, salesday. After the sale by the master, the said lands were sold by the sheriff of said county, under certain sundry judgments recovered against the said mortgagor, J. P. Priester, subsequent to the date and record of said mortgages foreclosed as above stated, and at this sale the said J. P. Priester and his said attorneys, Messrs. Patterson & Holman, purchased said land, and instructed the said sheriff to make titles to Mrs. F. E. Priester, the wife of the said J. P. Priester, which titles were executed and delivered in March the year following. At the March term, 1896, the said master's report of sale came in and was duly confirmed by his Honor, Judge Aldrich, without objection; and thereafter certain efforts to obtain possession of said premises in the nature of writs of assistance on the part of the purchaser at said master's sale, J. M. Rivers, but proved ineffectual, owing to Mrs. T. E. Priester and J. P. Priester setting up independent title in Mrs. Priester, and the Judge held that she not having been a party to the record and no *lis pendens* having been filed, that she could not be ejected in a summary way, as desired, but that she should have her day in Court; whereupon the above first entitled action was brought by the said J. M. Rivers to recover possession of the premises, and for damages for its holding by said Mrs. Priester. Mrs. Priester's answer sets up practically in defense that the judgment of foreclosure above alluded to was a nullity, having been recovered at a special term of Court, and that the case was not formally upon the calendar, and hence the master's title conveyed nothing to the plaintiff, J. M. Rivers. These issues being made up, the case, by consent as above stated, was referred to the master to take testimony. At these references (there

were several) it was admitted that both plaintiff and defendant claimed from a common source in the person of J. P. Priester, and it was shown that the plaintiff claimed under the foreclosure proceedings *in re* J. P. Priester *v.* Whaley & Rivers, upon the mortgages above set forth, whilst the defendant claimed under the judgments against J. P. Priester, and sheriff's sale thereunder. The question thus presented is, which has the paramount title? Damages were also proved at said reference in favor of plaintiff and not contradicted, of $100 per planting year. Plaintiff's counsel gave notice at the reference, that if it was deemed by the Court that an allegation of damages should be specifically made, and that such allegation in the prayer for judgment was not sufficient, that they would ask for an amendment of the complaint, so as to conform to the undisputed testimony as to the damages. At the close of these references, the defendant's attorneys, Messrs. Patterson & Holman, and also on behalf of J. P. Priester, had served upon Whaley & Rivers, the judgment creditors in foreclosure as above stated, two motions to vacate said judgment of foreclosure, which are the two motions set forth at the head of this decree. These motions base the relief desired upon the same ground as set up in the answer of Mrs. T. E. Priester, to wit: Because of the alleged lack of jurisdiction in the Court at said special term, to try a case not at that time on the calendar. These are the facts constituting a history of this case. Having, therefore, fully considered the facts of the case, I am of the opinion, and I so conclude, that the foreclosure case as above stated, having been commenced in November, 1894, and having had orders granted therein, and the same having been in all respects fully ready for trial at the regular term of the Court preceding the special term, and at the special term was heard without objection on the part of the mortgagor, J. P. Priester, on account of the alleged non-docketing, but the hearing having been fully acquiesced in by the said attorneys for Priester, that his Honor's decree in foreclosure was rightly granted; and the case of Simms,

administrator, *v.* Philips, cited by Messrs. Patterson & Holman, does not apply to the case in foreclosure heard by his Honor, Judge Watts, in that the said case was heard without objection on the ground of non-docketing, and that this was a right that could be waived by consent or acquiescence; whereas, in the case of Simms, administrator, *v.* Philips, the case was not ready for trial at the regular term preceding the extra term, and was heard over the objections specially raised by the defendant's attorneys on the ground that the case had not been ready for trial at the said regular term, and had not been docketed by defendant's consent, &c."

The record contains the following statement: "Only so much of the testimony is printed as shows the damages for the possession of the land and the notice of proposed amendment of the complaint, which was given at the reference before the master. All other questions of fact as found by Judge Townsend being admitted to be correct; and the only questions raised by this appeal being—first, whether Judge Townsend is right in holding that Judge Watts had jurisdiction at a special term of the Court to hear and determine the case of foreclosure in the original suit of J. P. Priester *v.* Whaley & Rivers, and that that question is as to J. P. Priester and his wife, Mrs. T. E. Priester, *res judicata,* and that Mrs. Priester is estopped by the facts to defeat plaintiff's recovery; and second, whether the Judge abused his discretion in allowing the amendment to the complaint.

"It is admitted that the judgment in the case of J. P. Priester *v.* Whaley & Rivers, under which the plaintiff, J. M. Rivers, purchased, was in all respects regular and properly entered up in the clerk's office; the only objection now urged against it is that it was obtained at a special term of Court, and in appellant's view of the testimony, was not docketed the requisite length of time before the said hearing, although it is admitted that no objection of this nature was made by defendant's attorneys in said suit at said trial, and that they took an appeal to the Supreme Court for the decree of foreclosure, served exceptions, &c.; but no exception of this

character was taken, and finally said appeal was duly dismissed for want of prosecution, and the master's report of sale thereafter duly confirmed without objection. The Circuit Judge refused the two motions to vacate the judgment hereinbefore mentioned, adjudged the plaintiff's title to be paramount to that of Mrs. T. E. Priester, that the plaintiff was entitled to the possession of the land, and to enter up judgment for $400 damages for the unlawful withholding of said possession. He also ordered that the complaint be amended so as to conform to the testimony by adding a specific allegation of damages."

We will first consider the question of jurisdiction. The only ground upon which it was contended that Judge Watts did not have jurisdiction to try the case was that it had not been docketed the requisite length of time before it was heard. The Circuit Judge, in his decree, points out the distinction between this case and that of *Simms* v. *Philips,* 46 S. C., 149. The Court of Common Pleas for Barnwell County had acquired jurisdiction of the case before the special term of Court commenced. If the Court did not have jurisdiction of the subject matter of the action, it could neither have been tried at the general nor at the special term thereof. The statutory provision as to what cases could be heard at the special term of the Court, related merely to the time of hearing and not to the subject matter of the action. The parties to the action had the right to waive compliance with the statutory requirements as to the docketing, which the Circuit Judge finds was done in this case. In the case, *Overstreet* v. *Brown,* 4 McC., 79, the Court uses this language: "* * * Although a person cannot by consent give jurisdiction to a Court, where it had no jurisdiction before, yet where the Court has jurisdiction of the matter, and the party has some privilege which exempts him from the jurisdiction, he may waive the privilege if he chooses to do so." If judgment could be declared null and void by reason of the fact that the cases had not been docketed the requisite length of time before the Court

convened, even when this objection was waived, it would unsettle titles throughout the entire State.

As to the order of amendments, we fail to discover any abuse of discretion on the part of the Circuit Judge or any other error in granting it.

Judgment affirmed.