## Kentucky Consumers Oil Company, et al. v. Continental Fuel Company, Sallie J. Thompson, et al.

## Consolidated Coal Company, et al. v. Victor Fuel Company, Sallie J. Thompson, et al.

(Decided October 26, 1916.)

### Appeals from Muhlenberg Circuit Court.

1. Corporations—Agency—Proof of—Parol Evidence—Sufficiency.— In the absence of objection to such testimony and of a request for the records of a corporation, the fact that one holds the office of general manager of the corporation may be shown by parol.

2. Corporations—Authority of Officers.—In the absence of any limitation on their authority, the president and general manager of

a corporation engaged in mining and selling coal have the authority to assign an open account to the creditor of a corporation.

3. Fraudulent Conveyances—Assignment of Claim—When Not Fraudulent.—The assignment by a corporation of an open account to the owner of its bonds, upon which the interest is past due, is not fraudulent as to creditors, but constitutes a preference if done in contemplation of insolvency and with the design to prefer such creditor to the exclusion of other creditors.

4. Fraudulent Conveyances—Preference to Creditors—Pleading.—In order to have a transfer adjudged a preference and to operate as an assignment for the benefit of creditors, it is necessary to allege that the transfer was made in contemplation of insolvency and with the design to prefer the transferee to the exclusion of the other creditors of the transferor.

WALKER WILKINS and D. M. ROLL for appellants.

W. P. SANDIDGE and TAYLOR, EAVES & SPARKS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming as to Sallie J. Thompson and the Continental Fuel Company, and denying the appeal of the Consolidated Coal Company against the Victor Fuel Company.

These two appeals have been consolidated and will be considered in one opinion.

In the month of April, 1914, the Kentucky Consumers Oil Company and Vogel Brothers & Company each recovered a judgment against the Continental Fuel Company. On September 7th, 1914, they each filed a suit in equity, based on a return of "no property found," and prayed and obtained general orders of attachment against the property of the Continental Fuel Company. The attachments were served on the Louisville & Nashville Railroad Company the same day they were issued.

On September 9th, 1914, John J. Schulten & Company sued the Continental Fuel Company to recover the sum of $730.62 upon open account, and asked and obtained a general order of attachment, which was executed upon the Louisville & Nashville Railroad Company, the same day that it was issued.

During the month of September, 1914, the Consolidated Coal Company recovered a judgment against the Continental Fuel Company. On November 9th, 1914, the Consolidated Coal Company brought suit on a return of "no property found," and asked and obtained a general order of attachment against the property of the

Continental Fuel Company and the Victor Fuel Company. This attachment was also served on the Louisville & Nashville Railroad Company. It was charged in the petition that the persons who owned the Victor Fuel Company was either owners and stockholders of the Continental Fuel Company, or employes and agents thereof, and that these persons fraudulently conspired together and organized the Victor Fuel Company, for the sole and only purpose of taking over the property of the Continental Fuel Company and enabling it to avoid the payment of its just debts, particularly the claim of plaintiff. It was further charged that the Continental Fuel Company, in contemplation of insolvency and for the purpose of cheating, hindering and delaying its creditors, transferred its property to the Victor Fuel Company.

All of these cases were transferred to equity and consolidated.

On January 11th, 1915, the Louisville & Nashville Railroad Company filed its answer as garnishee and paid into court the sum of $1,024.86. On May 5th, 1915, the same company answered as garnishee and stated that it had in its hands $274.51 due the Victor Fuel Company.

On January 14th, 1915, Sallie J. Thompson intervened and alleged that she was the owner of the attached fund, by virtue of a written order of assignment made to her by the Continental Fuel Company on September 5th, 1914, and accepted on the same date by the Louisville & Nashville Railroad Company. The allegations of her petition were denied by the Kentucky Consumers Oil Company, Vogel Brothers & Company and John J. Schulten & Company. In addition to a denial of the allegations of the petition, the Consolidated Coal Company pleaded that the alleged transfer was fraudulent and was made for the purpose of preventing the creditors of the Continental Fuel Company from collecting their debts.

On final hearing it was adjudged that the intervening petitioner, Sallie J. Thompson, was the owner of the fund, attached in the hands of the Louisville & Nashville Railroad Company, and that the attachments be discharged. From this part of the judgment all of the plaintiffs in the consolidated actions appeal. It was further adjudged that the sum of $274.51, attached in

the hands of the Louisville & Nashville Railroad Company, was the property of the Victor Fuel Company and the attachment was discharged. From this portion of the judgment the Consolidated Coal Company asks that an appeal be granted.

The Continental Fuel Company is a corporation engaged in the coal mining business. It issued $125,000.00 in bonds. These bonds were secured by a mortgage lien upon all of its property, which consisted of certain leases and mining plants. The mortgage covered all coal in place and in its natural state. Sallie J. Thompson was the owner of $92,000.00 worth of the bonds. J. M. Thompson, who says that he was the general manager of the Continental Fuel Company at the time, testifies to the foregoing facts. He further says that the accummulated interest on Mrs. Thompson's bonds amounted to about $7,000.00. Mrs. Thompson wanted some money to meet certain obligations. He discussed the matter with the president and another officer. The president directed him to assign to Mrs. Thompson the company's claim against the Louisville & Nashville Railroad Company amounting to $1,024.86. Thereupon a written assignment was drawn up and signed by him as general manager. This took place on September 5th, 1914. Thereupon the written assignment was forwarded to T. P. Harrison, assistant purchasing agent of the Louisville & Nashville Railroad Company. Receipt of this assignment was acknowledged by Harrison on September 4th, 1914. On September 7th, 1914, Harrison again wrote the Continental Fuel Company to the effect that he had directed the treasurer of the railroad company to send Mrs. Thompson an acceptance of the assignment, payable September 20th. After this the various attachments were served on the railroad company. Thereupon Mr. Harrison advised the Continental Fuel Company that, acting upon the advices of the road's attorneys, the acceptance to Mrs. Thompson would not be given. It further appears that J. M. Thompson was the agent of his wife and had full charge of her business.

So far as the Kentucky Consumers Oil Company, Vogel Brothers & Company and John J. Schulten & Company are concerned, only one question is presented, and that is the authority of J. M. Thompson to make the assignment, for, if he had that authority, the claim of the assignee, Mrs. Thompson, to the attached fund

was superior to that of subsequently attaching creditors. R. C. Poage Milling Company v. Economy Fuel Company, 128 S. W. 311. In this connection it is insisted for plaintiffs that the proof is insufficient to show either that J. M. Thompson was the general manager, or that he had the authority as such to make the assignment. The basis for this contention is that the minutes of the directors' meeting showing his appointment were never introduced. As a matter of fact, however, Thompson stated that he was the general manager of the company and in active charge of its business. Other witnesses corroborate this statement. This testimony was not objected to, nor was there any request by plaintiffs for the production of the records of the corporation. It cannot be doubted that, in the absence of such objection and request, the fact that one is the general manager of a corporation may be established by parol. While there are cases holding that the managing officer of a corporation cannot, in the absence of authority conferred by the directors, sell and dispose of all of the assets of the company, or make a general assignment for the benefit of creditors, no such case is here presented. The transfer in this case was merely that of an open account. According to Thompson's evidence, the transfer was not only made by him as general manager, but was made at the direction and by the authority of the president of the corporation. There is no evidence to the contrary. In our opinion, the president and general manager of an ordinary trading corporation engaged in the business of mining and selling coal have, in the absence of any limitation on their authority, full power and authority to assign an ordinary open account to a creditor of the corporation. It, therefore, follows that, so far as the Kentucky Consumers Oil Company, Vogel Brothers & Company and John J. Schulten & Company are concerned, the assignment was valid.

On the appeal of the Consolidated Coal Company against Sallie J. Thompson and the Continental Fuel Company the question of fraud is presented. It is argued that the assignment was fraudulent, because it was made by Thompson to his wife just after the creditors had obtained judgments against the Continental Fuel Company and returns of "no property found." While this circumstance is sufficient to arouse suspicion as to the good faith of the transaction, it must be remem-

bered that the uncontradicted evidence shows that Mrs. Thompson was the owner of $92,000.00 worth of bonds of the Continental Fuel Company; that these bonds were secured by mortgage covering all of its property, including the coal in its natural state, and that at the time of the assignment there was $7,000.00 in interest due on these bonds. The payment, therefore, of a portion of the obligation due Mrs. Thompson cannot be regarded as fraudulent. At most, it amounted merely to a preference, if made in contemplation of insolvency and with the design to prefer her to the exclusion of the other creditors. However, the transaction is not attacked on this ground. There is no allegation in any of the pleadings of the Consolidated Coal Company that the assignment to Mrs. Thompson was made by the Continental Fuel Company in contemplation of insolvency, and with the design to prefer Mrs. Thompson to the exclusion, in whole or in part, of other creditors of the corporation. In the absence of such allegations, we cannot adjudge that the transfer was preferential and operated as an assignment of all of the property of the Continental Fuel Company for the benefit of its creditors. Heidrich & Company v. Silva, &c., 89 Ky. 422.

On the appeal of the Kentucky Consumers Oil Company, Vogel Brothers & Company, John J. Schulten & Company and the Consolidated Coal Company against Sallie J. Thompson and the Continental Fuel Company, the judgment is affirmed.

The appeal of the Consolidation Coal Company against the Victor Fuel Company is denied.