## Williamson & Co., et al. v. By-Products Cannel Coal Co., et al.

(Decided September 14, 1920.)

### Appeal from Pike Circuit Court.

Assignments for Benefit of Creditors—Insolvency—Design to Prefer Creditors.—Where a debtor knowing that he is insolvent and with the design to prefer certain creditors to the exclusion of other creditors procures or enters into an arrangement with the creditor whom he designs to prefer, to sue him and attach his property and subject it to sale with the purpose to enable the

preferred creditor to obtain the benefit of all his property and thus exclude the others from participation, it is an act which under section 1910, Kentucky Statutes, results in an assignment and transfer of all his property for the benefit of all his creditors.

ROSCOE VANOVER for appellants.

J. C. CANTRILL and G. R. BLACKBURN for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The appellants, Ben Williamson & Co., Central Wholesale Grocery Co., Williamson Grocery Company, Persinger Hardware & Furniture Company and the Gold Camp Mill Co., each of whom was a creditor of the appellee, By-Products Cannel Coal Co., sued the debtor and the appellees, Goodwin & Waller, James Blackburn, Sidney May, T. J. May, Jr., B. H. Blackburn, Bud Blackburn, Freeman May, Willard Blackburn, William May, Ballard Blackburn, J. D. Webb and Allen Smith, in the circuit court of Pike county. Each of the plaintiffs set out the separate indebtedness of the By-Products Cannel Coal Company to it, and its right to recover thereon, and, further that each of the appellees who were defendants, was, also a creditor of the By-Products Cannel Coal Co., and that each of them had sued the debtor in a justice's court for the amount of his claim, and had procured an attachment and caused the same to be levied upon the property of the debtor, and had procured an order for the sale of the property levied upon, which was directed to the defendant, Allen Smith, who had levied the attachments as a constable. The prayer of the petition was for an injunction restraining the appellees from executing the orders of sale made in the justice's court, and for the appointment of a receiver for the property of the By-Products Cannel Coal Company, and that its assets be collected and distributed among its creditors. Without any notice to the By-Products Cannel Coal Company, a receiver was appointed for its assets, and an injunction granted restraining the creditors, who had sued in the justice's court and the constable, who had levied the attachments from executing the orders of sale made in the cases in the justice's court, but, appointing the constable a special commissioner of the circuit court, and directing him to sell the property levied upon under the advertisement which he had already made for the sales, and to report his actions to

the circuit court. The appellees moved a judge of this court to dissolve the injunction and the proceedings showing no ground for the injunction it was ordered to be dissolved on the 5th day of December, 1918. The petition did not contain any allegation to the effect that the By-Products Cannel Coal Company was insolvent or that in contemplation of insolvency it had committed any act with the design to prefer any creditor, to the exclusion in whole or in part of any other creditor, so as to operate as an assignment and transfer of its property for the benefit of its creditors, or to authorize a court to adjudge a distribution of its assets among its creditors, in proportion to their respective claims. Hedrich v. Silva, 89 Ky. 422. The averments of the petition which was all the court had before it, upon which to base its orders, contained nothing but allegations to the effect that each of the plaintiffs was a creditor of the By-Products Cannel Coal Company, and that the appellees were also, creditors, and had sued upon their claims in a justice's court, had obtained and levied attachments upon certain property of the debtor, and had obtained orders of sale, and were proceeding to execute the orders of sale in satisfaction of their debts, and this without any showing that the debtor was other than solvent, or having been guilty of any act of preference among its creditors. Whatever the court may have been authorized to do, if a cause of action under the statute of 1856 had been stated, the averments presented in the petition contained no grounds for either an injunction restraining the creditors, who sued in the justice's court, from proceeding, or for the appointment of a receiver for the property of the debtor upon which the attachments of the justice's court were levied, nor for the remainder of its property.

However, thereafter, on the 17th day of February, 1919, the appellants, by an amended petition, substantially averred, that the By-Products Cannel Coal Company, was insolvent and knew such to be a fact at the time of the institution of the suits in the justice's court against it, which were instituted in the latter part of the month of November, 1918, and for the purpose, and with the intent to prefer the appellees, as creditors to the exclusion of the appellants, and other creditors, and to enable the appellees to secure substantially all of its property in satisfaction of their debts, and thus to de-

prive the appellants of the benefits of any portion of its property, fraudulently conspired with the appellees to suffer judgment in their favor in a justice's court, and to that end procured an attorney, who was also its agent for the service of process, provided by section 571, Kentucky Statutes, to institute suits in the justice's court against it, and to obtain and cause to be levied attachments upon its property, and to subject same to sale in satisfaction of the judgments in the justice's court. The process including the orders of attachment and notices of motions for order of sale in the suits of the appellees in the justice's court, were thus served upon the By-Products Cannel Coal Company by a delivery of same to the attorney for the appellees, who was conducting the proceedings for them, and that all of which was done by a fraudulent conspiracy between the debtor and the appellees, with the purpose of disposing of all of its property for the benefit of the creditors, who sued in the justice's court to the exclusion of the claims of appellants and its other creditors. It was, also, averred that appellants had secured an order of attachment to be levied in their favor from the office of the clerk of the circuit court, and that same had been levied upon the same property upon which the attachments from the justice's court had been levied.

The appellants, then moved the court to order the actions of the appellees, which had been instituted in the justice's court, to be transferred to the circuit court in accordance with the provisions of section 210 Civil Code. The appellees objected and filed an answer in which they denied that the attachments of the appellants had been levied upon any part of the property, upon which their attachments had been levied, and supported the denial by the affidavit of the officer who levied the appellants attachment, and the affidavit of the attorney for appellees. The court sustained the motion and ordered the action of the appellees in the justice's court transferred to the circuit court. It, also, ordered the appellee, Smith, to report to the circuit court his actions in regard to the sale of the property, upon which the attachments from the justice's court had been levied, and the disposition of the proceeds. No denial was made of any averment of the petition as amended, except as above stated. From the affidavits filed in opposition to the motion to transfer the appellees' causes from the

justice's court to the circuit court, and the reports of Smith, it appears that after the injunction had been dissolved, and before the filing of the amended petition by appellants, he had executed the orders of sale made by the justice's court, collected the proceeds, and paid the costs, and the claims of appellees, in full, excepting, probably, the claims due two of them and the amount remaining in his hands was just sufficient to pay the remaining claims which he had not paid. It further appeared, that the actions in the justice's court had been terminated, and stricken from its docket. The court rendered a final judgment by which it was adjudged, that each of the appellants recover a personal judgment for the amount of its claim, and that a small sum for which the property levied upon by the appellants' attachments was sold, be pro rated upon the claims of the appellants; and that the appellees were entitled to receive in payment of their judgments the entire sum for which the property levied upon by their attachments had been sold, and that the order theretofore made transferring their causes to the circuit court be rescinded, and the causes remanded to the justice's court. From so much of the judgment as determines that appellants are only entitled to share in the sum realized from a sale of the debtor's property upon which the attachment was levied, and denied them any portion of the proceeds of the sale of the property sold under the attachments of the appellees, and adjudged that the order transferring the causes of the appellees from the justice's to the circuit court be set aside, and the causes remanded to the justice's court, the appellants have appealed.

(1) Section 210, subsection 2, of the Civil Code, by the authority of which it is insisted that the transfer of the causes from the justice's to the circuit court was authorized, provides only that such transfer may be made when attachments issued from different courts have been levied in whole or in part upon the same property, Howe v. Stevenson, 84 Ky. 576; Turners v. Howard, 2 Duv. 112, but it is not necessary to determine in this case, whether that section applied, where a cause of action under the provisions of the statute of 1856 is pending as was stated in the petition as amended, since the causes in the justice's court had terminated before the filing of the amended petition, and the orders with reference to the transfer of the actions from the justice's

court to the circuit court and the rescission of such order does not affect the rgihts of the parties, and the question raised is not material as the appellees may be required to refund any sums received by them under the proceedings in the justice's court, if it shall be determined, that the By-Products Cannel Coal Company was guilty of an act which amounted to a transfer and assignment of its assets for the benefit of its creditors.

(2) The petition as amended, however, stated a cause of action in favor of appellants and against the debtor and the other appellees, under section 1910, Kentucky Statutes. The language of that statute, which in part is as follows: "Every sale, mortgage or assignment made by debtors and every judgment suffered by any defendant, or any act or device done or resorted to by a debtor, in contemplation of insolvency and with the design to prefer one or more creditors to the exclusion in whole or in part, of others, shall operate as an assignment and transfer of all property and effects of such debtor and shall inure to the benefit of all his creditors . . . in proportion to the amount of their respective demands . . ." seems to embrace such a device as is stated in the petition as amended. If with the knowledge that it was insolvent and with the design to prefer the creditors, who sued in the justice's court, it procured or entered into an arrangement with those creditors, to have them sue it and attach its property, and to suffer judgment in their favor, with a purpose to have them to secure the benefit of its property in payment of their claims to the exclusion of its other creditors, the By-Products Cannel Coal Company committed an act which operated as an assignment and transfer of all of its property for the benefit of all of its creditors, whose debts were of equal dignity. Although the proceedings to a judgment and sale may appear regular, a creditor, who obtains the property of a debtor under and by means of such a device, it amounts to a fraudulent preference, and such creditor is in no better condition than if the debtor had turned over the property to him in payment of his debt, without the intervention of any apparent legal proceedings; and under the averments of the petition as amended, when not denied, the court should have required the appellee creditors to have refunded the sums received by them, and to have added to it the sum for which the property sold,

which was levied upon by the attachments of the appellants, and to have distributed the entire sum among all the creditors in proportion to their respective demands. Baker v. Kinnaird, 94 Ky. 5. The amended petition, according to its averments and that of the original petition, was filed less than six months after the act which constituted the alleged preference was made. Upon the return of the cause the appellees should be allowed to file an answer, and present their defense, if they have one.

The judgment is therefore reversed for proceedings consistent with this opinion.