## Norvelle v. Wanner, et al.

(Decided January 27, 1928.)

### Appeal from McCracken Circuit Court.

Estoppel.—Where defendants were directed to remove wall from plaintiff's property, and in same order cause was stricken from docket, and at the same term defendants were directed to remove wall before certain date, plaintiff, having thereafter asked rules to show cause why judgment had not been performed, second of which was refused because court had previously determined that judgment had been substantially performed, was estopped to

claim that orders were void because cause had been stricken from docket and that court erred in holding matter had been determined.

W. A. BERRY for appellant.

WHEELER & HUGHES for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

Charging that the defendants had constructed a brick wall on a portion of her property, Mattie Norvelle brought suit against J. L. Wanner and others, trustees, to have so much of the wall as was placed on her property removed. On final hearing the defendants were directed to remove the wall, and in the same order the cause was stricken from the docket. At the same term the defendants were directed to remove the wall on or before a certain date. Thereafter, on plaintiff's motion, a rule was awarded against the defendants to show cause why they had not removed the wall as ordered by the judgment. On this motion oral evidence was heard, and it was adjudged by the court that the judgment had been substantially performed. Some time later the cause was redocketed on motion of plaintiff, and another rule was asked against the defendants. The rule was refused on the ground that the court had determined that the judgment had been substantially performed and had entered an order discharging the rule. From the last judgment this appeal is prosecuted.

As the cause had been stricken from the docket, it is appellant's contention that all the orders thereafter entered, including the order discharging the rule on the ground that the judgment had been substantially performed, were void, and, that being true, the court erred in holding that the matter had been determined and in refusing a further hearing of the case.

The court had general jurisdiction of the subject-matter of the action. Its jurisdiction is challenged on the sole ground that the cause had been stricken from the docket. All the steps were had for the sole purpose of enforcing the judgment theretofore rendered. They were taken on appellant's motion, and without objection by appellees. She asked for a rule against appellees to show cause why the judgment had not been performed. At

her instance a rule was issued, and a hearing was had on the question. Having invoked the aid of the court, and invited it to decide the question presented, she is estopped from complaining of the decision on the ground that it was rendered after the cause had been stricken from the docket. Rodman v. Moody, 14 Ky. Law Rep. 202; Howe v. Stevenson, 84 Ky. 576, 2 S. W. 231, 8 Ky. Law Rep. 566; Rivers v. Priester, 58 S. C. 194, 36 S. E. 543.

Judgment affirmed.