**UNITED STATES et al.  v.  BUCKLEY.**

Court of Appeals of Kentucky.

Jan. 22, 1954.

Claude P. Stephens, U. S. Atty., Lexington, J. D. Buckman, Atty. Gen., Frankfort, for appellants.

W. G. Kenton, Maysville, for appellee.·

COMBS, Justice.

R. I. Buckley, a resident of Mason County, died in 1949. Although he owned considerable property he also was heavily indebted and his estate was insolvent. His wife, the appellee here, was appointed executrix and filed this suit to settle the estate. The question before us concerns the right of the United States to priority in payment of its claim for withholding taxes, and employment and unemployment taxes in the sum of $2,824.85. The Commonwealth of Kentucky is named as an appellant in the statement of appeal but no brief has been filed in its behalf and we assume that it does not wish to prosecute the appeal.

Suit to settle the estate was filed by the executrix in June, 1950. The Commonwealth of Kentucky, by reason of its claim for unemployment insurance, was named as a defendant. The United States was not made a party to the suit. The case was referred to the Master Commissioner for the filing of claims of creditors and hearing of proof. The Master Commissioner advertised for claims against the estate and the United States filed its claim, verified by S. R. Glenn, Collector of Internal Revenue for the District of Kentucky. The Commonwealth of Kentucky also filed its claim for unemployment insurance.

The Master Commissioner filed his report on March 25, 1951 allowing the claims of the United States and the Commonwealth of Kentucky as unsecured accounts. The report was held for exceptions until the following May 5. No exceptions were filed and the report was confirmed. The executrix then filed her final settlement, which was approved by the court. She then paid into court the sum of $12,219.78 which represented the balance of the proceeds from the estate, after payment of certain secured claims which had been paid under direction of the court. The Master Commissioner was thereupon directed to disburse these funds in conformity with his report of claims previously filed and approved. This was done and a check in the amount of $730.22, which showed on its face it represented 25.85% of the amount of the claim, was forwarded to and accepted by the United States.

It is contended by the Government that the full amount of its claim was entitled to priority and should have been paid in full out of the funds paid into court by the executrix; and that since the Commissioner has disbursed the funds which came into his hands, the Government is entitled to recover the amount of its claim from the other distributees and creditors whose claims were paid out of those funds. There is also some contention that the executrix and the sureties on her bond are liable personally for the amount of the Government's claim.

Conceding, for the purpose of this opinion, that the Government was entitled to priority in the payment of its claim, we fail to see how there could be any liability under the circumstances here shown against the executrix or her sureties. The Government, by filing its claim with the Master Commissioner, thereby became a party to the suit. Carroll's Civil Code of Practice, § 432; Heidrich v. Silva, 89 Ky. 422, 12 S.W. 770. When the executrix thereafter paid into court an amount

more than sufficient to satisfy the Government's claim, she thereby absolved herself of liability. She had the right to assume that the funds would be disbursed in conformity with the applicable law and that those claims which were entitled to priority would be given priority. Massie v. Paul, 263 Ky. 183, 92 S.W.2d 11.

 As to the right of the Government to recover from the creditors and distributees whose claims were paid in part out of the funds of the estate, we need only point out that they are not parties to this appeal. Consequently, questions affecting their rights cannot now be decided.

The judgment is affirmed.