T. H. BENTON CRANE, Administrator, v. JOHN KNAUF and Others.[1]

July 8, 1896.

Nos. 10,031—(200).

**Judgment Notwithstanding Verdict—Motion for New Trial.**

The rule laid down in Kernan v. St. Paul C. R. Co., 64 Minn. 312, that a party is not entitled to an order for judgment in his favor notwithstanding the verdict, under Laws 1895, c. 320, on a motion for a new trial, unless he has asked for that relief in his moving papers, applied in a case where the motion included as a ground therefor that the verdict was not justified by the evidence, and was contrary to law.

[1] Reported in 68 N. W. 79.

Same—Appeal.

> On appeal from such an order, it is first to be modified, and is then to be considered as an appeal from an order setting aside a verdict and granting a new trial on the ground before stated.

Appeal by defendants Reinhardt and others from an order of the district court for Clay county, Baxter, J. Modified.

*C. A. Nye*, for appellants.

*Houpt & Baxter*, for respondent.

COLLINS, J. This is an appeal from an order setting aside a verdict in favor of the defendants (appellants) in an action brought by alleged purchasers in good faith, for value, and before maturity, upon three negotiable promissory notes executed and delivered by the appellants and other persons, and also directing that judgment notwithstanding the verdict be entered in plaintiff's (respondent's) favor. The motion upon which this order was predicated was to set aside the verdict and to grant a new trial on the grounds—First, that the verdict was not justified by the evidence, and was contrary to law; and, second, errors in law occurring at the trial, and duly excepted to. No other relief was asked.

Under the rule laid down in Kernan v. St. Paul C. R. Co., 64 Minn. 312, 67 N. W. 71 (decided since the order appealed from was made), that part of it which directed judgment in plaintiff's favor was unauthorized, and to that extent there must be a modification of the same. This leaves the appeal as from an order setting aside the verdict and granting a new trial on the ground of the insufficiency of the evidence to support the verdict. We are not required to cite authority for the well-established rule in this state that if there is not a manifest preponderance of evidence in favor of the verdict an order granting a new trial on such ground will not be reversed, even in cases where there was evidence reasonably tending to sustain the verdict. This rule is specially applicable here, in view of the evidence on which defendants relied to defeat recovery.

In so far as the order directed the entry of judgment in plaintiff's favor, it is modified. In other respects, it stands affirmed, but a new trial must be had.