JOSEPH NETZER v. CITY OF CROOKSTON.[1]

November 27, 1896.

Nos. 10,333—(139).

**Judgment non Obstante Veredicto—Practice—Evidence.**

*Held,* that the order of the court in directing judgment for the defendant notwithstanding the verdict was erroneous, because (1) that defendant did not bring itself within the provisions of Laws 1895, c. 320, as construed in Kernan v. St. Paul City R. Co., 64 Minn. 312; (2) under the evidence the question of defendant's negligence was one for the jury.

[1] Reported in 68 N. W. 1099.

**Granting New Trial—Evidence.**

But, while the evidence would justify a verdict for the plaintiff, it was not so manifestly and palpably in favor of the verdict as to make it error for the court to set it aside and grant a new trial.

Appeal by plaintiff from a judgment of the district court for Polk county, in favor of defendant, entered in pursuance of the order of Searle, J., after a verdict in favor of plaintiff for $750. Reversed.

*H. Steenerson*, for appellant.

*Ole J. Vaule*, City Attorney, and *A. C. Wilkinson*, for respondent.

MITCHELL, J. The facts of this case were stated sufficiently for present purposes in the opinion on the former appeal. 59 Minn. 244, 61 N. W. 21. Upon the second trial the plaintiff again had a verdict, but the court set it aside, and ordered judgment for the defendant notwithstanding the verdict. Our conclusion is that in thus ordering judgment for the defendant the court was in error for two reasons.

The defendant failed to bring itself within the provisions of Laws 1895, c. 320. To entitle a party to judgment under the statute two things are necessary. First. He must have made a motion to direct a verdict at the close of the testimony. Hemstad v. Hall, 64 Minn. 136, 66 N. W. 366. This requirement was substantially complied with by defendant's request to instruct the jury to find a verdict in its favor. Although, in making up the record, the clerk of the court has inserted this request after the charge of the court, yet, in the absence of anything showing the contrary, we must presume that it was seasonably made. Second. After verdict the party must specifically move for judgment in his favor. The court cannot grant such relief on a mere motion for a new trial. A party may make his motion in the alternative; that is, for judgment notwithstanding the verdict, or, in case that is denied, for a new trial. But on a motion for the latter alone he cannot be granted the former. Kernan v. St. Paul City R. Co., 64 Minn. 312, 67 N. W. 71; Crane v. Knauf, 65 Minn. 447, 68 N. W. 79. Upon the record before us we must hold that the only motion made by the defendant was for a new trial. The notice of the motion which is contained in the record cannot be changed into something else by a mere recital in the judge's order.

It is only fair to the trial court to state that the order was made before the decision of Kernan v. St. Paul City R. Co., supra.

But, considered on the merits, the order for judgment was improperly made. We are of the opinion that defendant's negligence was a question for the jury, especially in view of the fact that the alleged negligence, to which the evidence produced on the trial was directed, consisted not only of a failure to exercise reasonable diligence in repairing or rebuilding the sewer, but also of the failure to exercise reasonable efforts to care for the water tributary to the sewer until it was repaired or rebuilt.

But although the evidence justified a verdict for the plaintiff, it was not so manifestly and palpably in favor of the verdict that we could say that the court erred in granting a new trial. Counsel insists that, inasmuch as there have been two trials, both resulting in verdicts for the plaintiff, therefore the familiar rule of Hicks v. Stone, 13 Minn. 398 (434), is inapplicable, in view of what was said in Van Doren v. Wright, 65 Minn. 80, 67 N. W. 668. But this is the first time the verdict has been set aside on the ground of the insufficiency of the evidence. On the former appeal the case was reversed on account of error in the charge of the court. Counsel is also in error in claiming that by the decision on the former appeal the sufficiency of the evidence to support a verdict was res adjudicata. That question was not considered or decided, as will be apparent by reference to the opinion.

The result is that the order of the court below was erroneous in so far as it directed judgment for the defendant, but not erroneous in so far as it set aside the verdict.

Judgment reversed, and the cause remanded for a new trial.