HUELLMANTEL *v.* VINTON.

112    47
s 116  622

1. TRIAL—MOTION FOR NONSUIT—WAIVER.
   An objection that the court erred in overruling defendant's motion to direct a verdict in his favor, offered at the conclusion of plaintiff's proofs, will not be considered on appeal, where the defendant proceeded to introduce evidence in defense of the action, and did not thereafter renew the motion.

2. CHATTEL MORTGAGES—EXECUTION LEVY—ACTION AGAINST OFFICER—DEFENSES.
   The fact that a chattel mortgagee had other security sufficient to satisfy his demand, or that the mortgagor was solvent and able to pay the same, is not available to an officer as a defense in an action against him by the mortgagee for a wrongful levy upon and sale of the mortgaged chattels.

3. SAME—PAYMENT—MITIGATION OF DAMAGES.
   The price of land sold to the mortgagee by a chattel mortgagor, under an agreement that its value should be applied on the mortgage indebtedness, should be considered in reduction of the damages in an action by the mortgagee against an officer for the conversion of the mortgaged property.

Error to Grand Traverse; Corbett, J.   Submitted January 15, 1897.   Decided March 10, 1897.   · ·

Trover by Julius Huellmantel against Medad Vinton. From a judgment for plaintiff, defendant brings error. Reversed.

*Dodge & Covell*, for appellant.

*Foster & Crotser*, for appellee.

HOOKER, J.   The defendant, in the capacity of sheriff, levied upon and sold a stock of goods to satisfy an execution against the owner; and the stock, being bid in by the execution creditors for $1,800, was turned over to them. Previous to the time of the levy, Pohoral, the owner, had

given several mortgages upon the stock, the first being to Clara Louden, his sister, for $3,500; the second to the plaintiff, his brother-in-law, for $1,000, subject to the Louden mortgage; and the third to his attorneys, for $1,500, subject to the two mortgages before mentioned. At the time of the seizure of the stock by the defendant, Pohoral claims to have been in possession of the stock as representative of the mortgagees. Clara Louden brought an action of trover against the defendant, and recovered a judgment for $3,184.65 and costs; and this, being affirmed by this court (108 Mich. 313), was paid by Buhl Sons & Co., the execution creditor. Thereafter this action of trover was brought by the plaintiff, owner of the second mortgage, and, from an adverse judgment of $659.50, the defendant has appealed. We will endeavor to dispose of such questions as we think it necessary to discuss, in the order in which they were raised.

At the conclusion of the plaintiff's evidence, counsel for the defendant moved the court to direct a verdict for his client, which being denied, he proceeded to introduce evidence in defense of the action. As he did not see fit to rest his case at that point, we need not consider this question.

The defendant introduced evidence tending to show that the plaintiff had received from Pohoral a deed of a city lot worth from $300 to $600, and asked the court to charge the jury that the amount of Pohoral's indebtedness to him, if there was such indebtedness, should be reduced to the extent of the value of said lot, which request was refused. The plaintiff claims that the only interest that he had in this property was a lien upon it for a debt, but the defendant maintains that, if this were so, it would make no difference. Had his debt been paid or partly paid, such payment would go in reduction of the damages. But, if he had other security merely, it is another matter. The logical result of the defendant's last contention is that, in all cases of levy on a portion of the property covered by a chattel mortgage, the defendant in

a suit brought by the mortgagee for conversion by levy and sale upon execution running against the mortgagor would be at liberty to defend on the ground that, while he levied upon and sold a part of the mortgaged property wrongfully, yet, as he had left sufficient to pay the plaintiff's debt, the plaintiff had suffered no injury. In a case like the present he might defend upon the ground that the plaintiff had ample security under another instrument, *e. g.*, a real-estate mortgage; although this defense, if allowed, might subject the plaintiff to the annoyance, expense, and delay of foreclosure of such mortgage, to. say nothing of its violation of the rule that the creditor may choose between securities, and avail himself first of one or the other, at his option. In Jones on Chattel Mortgages (4th Ed.), § 448, it is said that "he [the mortgagee] is not obliged to look to the personal responsibility of his debtor, or to show his insolvency before recovery of the wrong-doer. Neither is he required to first look to any other security he may hold." See cases cited, note 2. In the case of *Worthington* v. *Hanna*, 23 Mich. 532, this subject was discussed upon an objection that the declaration failed to allege the insolvency of the mortgagors, and that the mortgagee had no other security. Mr. Justice CAMPBELL said:    .

"We do not think this objection well founded. It is based upon an idea that there is some substantial difference between the damage done to a mortgagee in possession and to a mortgagee out of possession, by the seizure and conversion of the goods. It is not questioned that a mortgagee in possession may sue in trover, and recover for the conversion of property, whether he has other security or not, and whether or not his debtor is solvent. We see no possible foundation for holding that possession or present right of possession should make any difference in regard to the *quantum* of damages, within the extent of the security. The doctrine alleged would be equivalent to holding that no person could have a legal right to complain of being deprived of a security unless he could show the insolvency of his debtor; or, in other words, that any

wrong-doer could, at his pleasure, compel the holder of a security against a solvent party to look only to the personal remedy, and give up the security. This is too unreasonable a doctrine to be entertained."

But there is evidence tending to show that Pohoral sold this lot to the plaintiff, and, while the price was not stated, there is opportunity for the claim that it was designed to be applied on Pohoral's indebtedness. We think this question should have been left to the jury, and, if they so found, the price or value of such lot should have been applied in mitigation of damages. For this error the judgment is reversed, and a new trial ordered.

The other Justices concurred.