MAURICE LANGAN, Appellee, *vs.* THE ENOS FIRE ESCAPE
COMPANY, Appellant.

*Opinion filed February 20, 1908—Rehearing denied April 9, 1908.*

1. ARREST OF JUDGMENT—*when a motion in arrest of judgment
must be overruled.* A motion in arrest of judgment which ques-
tions the sufficiency of the declaration must be overruled if there
is one good count which is sufficient to support the judgment.

2. SAME—*motion in arrest cannot be based upon any exception
taken on argument of demurrer.* A defendant who demurs to one
count of a declaration and files a plea of the general issue after the
demurrer is overruled cannot move in arrest of judgment on ac-
count of any exception that might have been taken on the argu-
ment of the demurrer.

3. SAME—*facts proved cannot be availed of to sustain motion
in arrest questioning sufficiency of declaration.* Facts established
by the evidence cannot be availed of to sustain a motion in arrest
of judgment which questions the sufficiency of the declaration to
support the judgment.

4. NEGLIGENCE—*when servants of different contractors must
use reasonable care for each other's safety.* Servants employed by
different contractors to do work upon a building, and who are
rightfully upon different fire escapes of the building in the dis-
charge of their respective duties, owe the duty of exercising rea-
sonable care for each other's safety.

5. TRIAL—*introducing evidence waives previous motion to di-
rect a verdict.* A defendant who proceeds to introduce evidence
after his motion to direct a verdict, made at the close of the plain-
tiff's evidence, is denied, waives the motion, notwithstanding he
excepted to the court's ruling, where such motion was not renewed
at the close of all the evidence.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. R. W. WRIGHT, Judge,
presiding.

DONALD L. MORRILL, (ROBERT W. MILLAR, of coun-
sel,) for appellant.

B. J. WELLMAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On August 19, 1904, Maurice Langan, the appellee, was a laborer working for Smith Bros., general mason and carpenter contractors, who were engaged in doing the mason and carpenter work in remodeling the Bijou Theater, on the south-west corner of Jackson boulevard and Halsted street, in the city of Chicago. Appellee was engaged in hoisting, with a block and tackle, window frames on the north side of the building to the second floor, and the frames were to be taken into the building through a window on the east side, facing Halsted street. The appellant, Enos Fire Escape Company, was a contractor putting up iron fire escapes on the north wall, and the block and tackle were somewhere above the fire escape. Appellee was on the lower fire escape, and appellant's men were, or recently had been, working on the fire escape above, when an iron drill fell from somewhere above and struck the appellee on the head and injured him. The appellee sued appellant in the superior court of Cook county for damages, and the original declaration consisted of one count. The defendant demurred to the declaration, and, the demurrer being overruled, filed a plea of the general issue. An additional count was filed, which was the same as the first one, with the exception that it averred that the fire escape was in Jackson boulevard. The additional count was not demurred to and the defendant pleaded the general issue to it. There was a trial, at which the above facts were proved, and it further appeared that the fire escapes were not completed at the time of the accident and defendant's men were still working on them, and that the plaintiff and other employees of Smith Bros. had been using the fire escapes in going up and down. The evidence for the plaintiff was that no one ever prohibited said use, and the plaintiff testified that nobody ever said anything to him about not going up the fire escape. The claim of the plaintiff was that nobody said anything about it, one way or the other. There

was evidence for the defendant that the foreman of Smith Bros. was told that his men should stay off the fire escapes until the defendant's employees got through with their work. There was a connection from the fire escape to the sidewalk, and there was no other way of going up on the outside of the building except by using a ladder, there being, as usually is the case, no outside stairway, but there were doors all around the building. There was a main entrance on Halsted street and three or four doors on Jackson boulevard, all of which connected with stairways. The jury returned a verdict finding the defendant guilty and assessing plaintiff's damages at $5000. Upon the argument of a motion for a new trial the court considered the damages excessive, but said if the plaintiff would remit $2000 from the verdict the court would enter judgment for $3000. The matter was continued for ten days, when the plaintiff offered to remit $2000 if the defendant would waive its right to an appeal, which the defendant refused to do. The plaintiff then remitted the sum of $2000 as required by the court, and the motion for a new trial was overruled and judgment for $3000 and costs was entered. An appeal was taken to the Appellate Court for the First District and the branch of that court affirmed the judgment. A further appeal was then prosecuted to this court.

The first question argued relates to the sufficiency of the declaration to support the judgment, which was raised by a motion in arrest of judgment. So far as the first count is concerned, the defendant could not move in arrest of judgment on account of any exception that might have been taken on the argument of the demurrer to that count, (*American Express Co.* v. *Pinckney,* 29 Ill. 392; *Quincy Coal Co.* v. *Hood,* 77 id. 68;) and if there was one good count the court did not err in overruling the motion. On the motion in arrest of judgment defendant was confined to the question whether either count of the declaration was sufficient to sustain the judgment. The basis of the argu-

ment in this court is, that a declaration must state facts from which the law raises a duty owing from the defendant to the plaintiff, and if it fails in that regard it is insufficient to support a judgment, and that a mere naked license or permission to the plaintiff to use the defendant's uncompleted fire escape for the sole convenience of the plaintiff did not create a duty or impose an obligation on the part of the defendant to provide against accidents,—citing *Illinois Central Railroad Co.* v. *Godfrey,* 71 Ill. 500, and other like cases, holding that a mere license or permission to enter or pass over an estate will not create a duty on the part of the owner except not to inflict any willful or intentional injury. The reliance of counsel, however, seems to be upon the evidence as establishing the fact that the use of the fire escape by the plaintiff was merely permissive; that the most that was claimed was that Smith Bros.' employees had used it without objection from the defendant; that they used it for their own convenience,—not for any purpose of the defendant or by its invitation,—and that the parties were not equally in a position of right. If such were the facts proved upon the trial they cannot be availed of as an objection to the declaration, which states, in substance, that the defendant was, by and through its servants, performing certain work and labor upon a certain fire escape on the Bijou Theater; that plaintiff was employed by Smith Bros., who were also performing certain work and labor about said theater; that the plaintiff, in the performance of his duties and while exercising due care and caution for his own safety, was required to be on a certain other fire escape underneath the aforesaid fire escape upon which the servants of the defendant were working; that while he was in said position the servants of the defendant carelessly and negligently caused and permitted an iron drill to fall from where they were working, and that the same struck the plaintiff on the head, injuring him. The declaration does not disclose the fact that the plaintiff was on a fire escape of the

defendant which it was putting up as a contractor, but the fair inference is that the fire escapes were a part of the theater building and the property of the owner of the building. The facts stated in the declaration show that both the plaintiff and the servants of the defendant were rightfully on the different fire escapes,—the plaintiff in the performance of his duties in doing certain work and labor about the theater, and the servants of the defendant in performing work and labor upon another fire escape on the theater,—and the facts so stated raised, in law, a duty in each to exercise reasonable care for the safety of the other. The court did not err in overruling the motion in arrest of judgment.

It is contended that the court erred in permitting a hypothetical question to be put to a doctor, and the objection is that it was not-based on facts shown by the evidence. We find in the record some evidence of each fact included in the hypothesis, and the court did not err in overruling the objection.

It is next contended that the court erred in refusing to direct a verdict of not guilty. But that question cannot be considered, for the reason that it was not preserved as one of law. The defendant, at the conclusion of the evidence for the plaintiff, requested the court to give an instruction directing a verdict of not guilty, and the court refused to give it, to which ruling the defendant excepted. The defendant, however, did not stand by the motion but proceeded to introduce evidence, which was a waiver and abandonment of the motion and request. (*Joliet, Aurora and Northern Railway Co.* v. *Velie,* 140 Ill. 59; *Harris* v. *Shebek,* 151 id. 287.) The motion and request for an instruction were not renewed at the close of all the evidence, and there is no ruling of the court to be reviewed.

The argument that the damages are excessive is one we cannot consider, for the reason that it is a question of fact.

In a very brief reference to the subject, counsel say that the court erred in refusing to give certain instructions asked

by the defendant, but there is no argument on the subject
and the question might be ignored for that reason. We
find in the abstract, however, three refused instructions, the
first of which was based upon the jury finding that plain-
tiff was a trespasser on the fire escape, and there was no
evidence upon which that instruction could fairly be based.
The proposition of law contained in the other two was in-
cluded in those which were given. They were intended to
apply to evidence for the defendant that there was a shower
at the time, and that the defendant's men had quit work for
the time being and were standing inside, out of the rain,
not employed in any work for the defendant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed,*