## CAMPBELL v. WELLER.
(No. 865; Decided May 7th, 1917; 164 Pac. 881.)

JUSTICES OF THE PEACE—APPEAL—NOTICE OF APPEAL—JUDGMENT AFTER CHANGE OF VENUE—JURISDICTION—WAIVER—SUFFICIENCY OF APPEAL NOTICE—JUDGMENT—GROUNDS FOR JUDGMENT NOTWITHSTANDING THE VERDICT—STATUTE—APPEAL AND ERROR—REVIEW—MOTION FOR NEW TRIAL.

1. Under the provisions of Compiled Statutes, 1910, Sections 5220, 5261 and 5262, relating to change of venue in justice courts, where an appeal is taken from a judgment rendered by a justice after a change of venue to a different court, it should be filed with the justice who entered the judgment

and not the justice who had original jurisdiction of the case.

2. Where, after a change of venue in justice court, the parties appeared before the justice to whom the case was transferred and who had jurisdiction of the case and there agreed upon a continuance in time for trial, filed their pleadings, and allowed the trial to proceed to verdict and judgment without objecting to the transfer or the jurisdiction, both parties waived objection to the change of venue.

3. Under the provisions of Compiled Statutes, 1910, Section 5261, a notice of appeal from the judgment rendered by a justice of the peace setting forth the title of the cause, the court wherein it was tried and determined, that it was tried by a jury, reciting the date of trial and judgment, and defendant's desire to appeal, was sufficient.

4. It is not necessary that the notice of appeal provided by Compiled Statutes, 1910, Section 5261, be directed to the opposite party, nor does it seem to be intended by the statute as a notice to such party; a notice to him is provided for to be issued by the clerk of the district court upon receiving and filing the transcript and papers, which notice must be served in the same manner as a summons. (Section 5263, Compiled Statutes, 1910.)

5. In the absence of statute, a judgment *non obstante veredicto* is authorized only upon the record and when it is clear upon the pleadings that the cause of action or the defense did not in substance constitute a legal cause of action or defense, such judgment based merely upon the evidence is unauthorized.

6. Where a defendant, after denial of his motion for a directed verdict at the close of plaintiff's case, introduced further evidence, the rule denying his motion for a directed verdict was waived as a ground for a new trial, and he not having renewed the motion at the close of all the evidence, there was no ground for a judgment notwithstanding the verdict.

7. Where defendant's motion for a new trial was not acted upon by the trial court, it is not proper for the appellate court to consider the points discussed with reference to the right of plaintiff to recover upon his evidence.

ERROR to District Court, Sheridan County; CARROLL H. PARMELEE, Judge.

Action in a justice's court by E. N. Campbell against A. D. Weller. There was a judgment for plaintiff, and defendant appealed to the District Court, where the cause was tried to a jury and verdict rendered in favor of plaintiff. From a judgment for defendant notwithstanding the verdict and the denial of plaintiff's motion to dismiss the appeal, and the overruling of plaintiff's motion for a new trial, plaintiff brings error.

*H. Glenn Kinsley,* for plaintiff in error.

The motion to dismiss the appeal from justice court should have been sustained; the trial justice was without authority to transfer the cause to the District Court after trial, but should have returned the files to Justice Hoop, who had original jurisdiction. (Sec. 5220, Comp. Stats. 1910.) Statutory provisions for appeal from justice court must be followed, or the appeal will be stricken from the docket of the appellate court. (Eggart v. Dunning, 15 Wyo. 487; Italian-Swiss Agricultural Colony v. Bartagnolli, 9 Wyo. 289; Ivenson v. Pease, 1 Wyo. 277; 24 Cyc. 655; 3 Corpus Juris., 321, par. 39; 24 Cyc. 660.) The motion to dismiss the appeal should have been sustained; notice of appeal was insufficient. (24 Cyc. 689; Buie v. Great Northern R. Co., 94 Minn. 405, 103 N. W. 11; Beck v. Thompson, 23 Ore. 182, 57 Pac. 419; Clune v. Wright, 96 Wis. 630, 71 N. W. 1041; Morris v. Brewster, 60 Wis. 229, 19 N. W. 50; State v. Hammond, 92 Mo. App. 231.) Actual knowledge of appeal will not take the place of the notice; notice of appeal is jurisdictional. (24 Cyc. 690.) The District Court erred in granting a motion for judgment notwithstanding the verdict. Said ruling is not justified by Chapter 134, Laws 1915. A verdict should not be directed in a civil case until the testimony is undisputed. The evidence against which the motion was directed should be taken as true with every reasonable inference. (Mulhern v. Union Pac. R. R. Co., 2 Wyo. 446; Mau v. Stoner, 10 Wyo. 126; Carney Coal Co. v. Benedict, 22 Wyo. 362.) When there is a slight doubt about the facts,

the court should not direct the verdict, but should leave it to the jury. (Richardson v. Boston, 19 How. 263; Railroad Co. v. Fraloff, 100 U. S. 27; Parks v. Ross, 11 How. 373; Schuchardt v. Allen, 1 Wall. 370; Elliott v. Ry. Co., 150 U. S. 245; Maas v. White, 37 Mich. 130; Ry. Co. v. Converse, 139 U. S. 469; Lockhart v. Willis, 50 Pac. 319; Kelley v. Ryes, 29 Pac. 144; O'Brian v. Miller, 25 Am. St. Rep. 320; Dickson v. Bristol &c Bk., 66 Am. St. Rep. 193; Anthony v. Wheeler, 17 Am. St. Rp. 281; Whitney &c v. Richmond, 37 Am. St. 767; Fox v. Campbell, 30 Pac. 479; Hickman v. Cruise, 2 Am. St. Rp. 256; Claflin v. Rosenberg, 42 Mo. 439; Carter v. Olive Oil Co., 27 Am. St. 815; Lowe v. Salt Lake City, 57 Am. St. 708; Union Stock &c Co. v. Canoyer, 41 Am. St. 738; Dwyer v. St. Louis &c Co., 52 Fed. 87; Hanger v. Chicago &c, 3 S. D. 394; Carter v. Chesapeake &c Co., 88 Va. 389; Fritzwater v. Stout, 16 Pa. St. 22; 6 Ency. Pl. & Pr. 683-686; Hickman v. Jones, 9 Wall. 197) The question for consideration in directing a verdict is whether admitting the truth of all the evidence which has been given in favor of the party against whom the motion is directed, including inferences and conclusions, reasonably drawn therefrom, and eliminating conflicting facts and inferences there is enough competent evidence to sustain a verdict should the jury find in accordance therewith. (Cooper v. Flesner, 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. N. S. 1180; Harris v. Missouri, K. & T. R. Co., 24 Okla. 341, 103 Pac. 758, 24 L. R. A. N. S. 858; 6 Ency. Pl. & Pr. 942, 945; 38 Cyc. 1567, 1586; Norvell v. Kanawka & M. R. Co., 67 W. Va. 467, 68 S. E. 288, 29 L. R. A. N. S. 325; Phil. B. & W. R. Co. v. Gatta (Del.), 85 Atl. 721, 47 L. R. A. N. S. 996; Seigel v. Long, 169 Ala. 79, 53 So. 753, 33 L. R. A. N. S. 1070; Davis v. Albritton, 127 Ga. 517, 56 S. E. 514, 8 L. R. A. N. S. 820.) In order to hold a principal responsible for agent's acts, it is unnecessary to show express authority given in advance to do a particular act, but the agent's authority to bind the principal may be implied from circumstances. (Mechem Agency, Vol. 1, Sec.

717, 2nd Ed.; Murphy v. Cane (N. J. L.), 82 Atl. 854;
Blake v. Domestic Mfg. Co., 64 N. J. Eq. 480; Fifty Ward
Savings Bank v. First National Bank, 48 N. J. L. 513; Fifth
Nat. Bank v. Navassa Phosphate Co., 119 N. Y. 256; Mar-
tin v. Webb, 110 U. S. 7, 28 L. Ed. 49.)   The authority of
an agent may be inferred from circumstances.   (Mitchum v.
Dunlap, 98 Mo. 418, 11 S. W. 989; Vrchotka v. Rothschild,
100 Ill. App. 268; Mikles v. Hawkins, 69 N. Y. S. 557, 59
App. Div. 253; Killorn v. Prudential Ins. Co., 108 N. W.
861, 99 Minn. 176, 108 N. W. 861.) An agent has authority
to do such incidental acts as are necessary to carry into ef-
fect the purpose of the agency.   (Mechem Agency, Sec.
715; Baldwin v. Garrett, 111 Ga. 876; National Bank v.
Old Town Bank, 50 C. C. A. 443; Bayley v. Wilkins, 7 Com.
B. 886; Murphy v. K. of C. Bldg. Co., 155 Mo. App. 649,
658; St. Louis Gunning Adv. Co. v. Wannamaker, 115 Mo.
App. 270.)   The court erred in overruling the motion for a
new trial.   There were issues joined and conflicting evidence
presented and a general verdict in favor of the plaintiff; the
motion for judgment, notwithstanding the verdict, should
have been denied.   (Central Savings Bank v. O'Connor
(Mich.), 94 N. W. 11; Southwestern Tel. Co. v. James
(Texas), 91 S. W. 654; Freedley v. Gibbons, 119 Fed. 438.)
Defendant should not have judgment notwithstanding the
verdict merely because the verdict was contrary to the evi-
dence.   (Plunkett v. Detroit Elec. Co. (Mich.), 103 N. W.
620; 11 Enc. Pl. & Pr. 917.)   Where there is a conflict in
the evidence sufficient to require submission to a jury, the
court will not grant a motion for a judgment notwithstand-
ing the verdict.   (Blazosseck v. Remington & Sherman Co.,
141 Fed. 1022; 30 Cen. Dig. Judgment, par. 367; County
of Montmorency v. Putnum (Mich.), 107 N. W. 895; Hess
v. Great Northern Ry. Co. (Minn.), 108 N. W. 7; U. S. v.
Gardner, 133 Fed. 285; McCoy v. Jones, 61 Ohio State, 119,
59 N. E. 219.)   The judgment below should be vacated and
judgment directed for plaintiff in error, as was awarded in
justice court with costs.

*LaFleiche & Diefenderfer* and *J. L. Graverson,* for defendant *in error.*

The motion of plaintiff in error to dismiss the appeal was properly overruled. (Chapter 337, Comp. Stats. 1910.) The appellate procedure prescribed by Sections 5260, 5261, 5262, Comp. Stats. 1910, was followed. Plaintiff in error made no objection to the transfer to another justice and brought himself within the provisions of Sections 5193 and 5235, Comp. Stats. 1910. Statutes relating to appeals are remedial and should receive liberal construction. (2 R. C. L. 29, Sec. 6; 3 C. J. 318-19; Friemark v. Rosenkrans, 51 N. W. 557; Crawford v. Wist, 39 Pac. 218; Italian-Swiss Agricultural Colony v. Bartagnolli, et al., 9 Wyo. 289.) The question of notice is not raised by the petition in error and cannot be considered on appeal. (Hogan, et al., v. Peterson, 8 Wyo. 549.) Justice Story had authority to transfer the papers to the District Court on appeal. (Valadon v. Loman, 127 Pac. 88.) The notice was sufficient. (Marlowe v. Michigan Stove Co., 137 Pac. 639; Kremer v. Arians, 124 N. W. 1064; Monroe v. Herrington, 73 S. W. 221; Horrell v. Calif. Ore. & Wash. Asso., 82 Pac. 889; Maltby v. Superior Court of Spokane County, et al., 34 Pac. 922.) In the following cases appeal notices far more deficient than the one in the present case were held good: Hender v. Ring, 63 N. W. 282; Friemark v. Rosenkrans, 51 N. W. 557; Noall v. Halonen, et al., 54 N. W. 729; Cowles v. City of Neillsville, 119 N. W. 91; Ga. F. & A. Ry. Co. v. F. R. Penn Tobacco Co., 72 S. E. 443; Darling v. Fremstadt, 127 Pac. 674; Cowhick v. Jackson, 143 S. W. 558; Paul v. Cragnas, 47 L. R. A. 540; Allen v. Byerly, 48 Pac. 474; Chipman v. Bronson, 3 Ore. 320; Lancaster v. McDonald, 12 Pac. 374. The cases cited by the plaintiff in error are clearly distinguishable and are not applicable to the facts in the present case. The notice in this case was issued under Section 5263, Comp. Stats. 1910. It cannot be questioned here because not assigned as error in the motion for a new trial. The notice is sufficient as a matter of law; the District court properly sustained the motion for judgment not-

withstanding the verdict. (Chapter 134, Laws 1915.) The duty of a third person in dealing with an assumed agent is explained in Mechem's Agency, 2nd Ed., Vol. 2, p. 1307. He is bound at his peril to ascertain the nature of the agent's authority; having relied upon it, he must be prepared to prove the existence of an agency and the extent of the agent's authority. See also the following cases: Brown, et al., v. Grady, 16 Wyo. 151; Brace v. Northern Pac. Ry. Co., 115 Pac. 841; Everdell v. Carrington, 139 N. Y. Sup. 119; Baker v. Seaward, 127 Pac. 961; Pluto Powder Co. v. Cuba City State Bank, 141 N. W. 220; Sexsmith, et al., v. Segel-Cooper Co., 88 N. Y. Sup. 925; Uniontown Groc. Co. v. Dawson, 69 S. E. 845; Wilson v. Schocklee, 126 S. W. 832; Latham v. First Natl. Bank of Ft. Smith, 122 S. W. 992; Allen v. Galveston, Harrisburg & San Antonio R. Co., 94 S. W. 417; Sackville v. Story, 149 S. W. 239.) The burden of proof is upon a third person seeking to hold an alleged principal for the acts of an assumed agent, to prove the authority of the agent. (Anderson, et al., v. Rasmussen, 5 Wyo. 44; 2 C. J., p. 923, par. 662; p. 925, par. 665; Ames v. D. J. Murray Mfg. Co., 89 N. W. 836; Dispatch Printing Co. v. Natl. Bank of Commerce, 124 N. W. 236; Connell v. McLaughlin, 42 Pac. 218.) When one of two innocent persons must suffer the loss should be borne by him whose act made the loss possible. (Mechem on Agency, sec. 749, vol. 1.) The motion for a new trial was properly overruled; the judgment notwithstanding the verdict was granted under the provisions of Chapter 134, Laws 1915. Plaintiff in error was not entitled to a jury trial, having filed no written demand for a jury within a time specified by the statute. The right was waived. (Chapter 66, Session Laws 1915; 24 Cyc. 161.) Defendant in error objected to the allowance of the jury. (Chapter 344, Comp. Stats. 1910.) If he was entitled to a jury, he waived his right by failure to file written demand, as prescribed by Chapter 66, Laws 1915. Defendant in error in addition to filing his motion for judgment, notwithstanding the verdict, also filed a motion for a new trial, upon which motion no ruling has as yet been made.

The judgment of the District Court notwithstanding the verdict should be sustained.

POTTER, CHIEF JUSTICE.

This case, which is here on error, was tried in the District Court on appeal from a justice's court. The action was originally brought by the plaintiff in error, E. N. Campbell, in the court of J. F. Hoop, a justice of the peace in Sheridan county, to recover of the defendant in error, A. D. Weller, the sum of $65.00 claimed to be due for the hire of a livery team and buggy. The defendant filed a motion and affidavit for change of venue, which was granted and the cause set for trial before C. P. Story, justice of the peace of the same county, at a stated day and hour, whereupon a certified transcript of the docket entries of the first named justice and all papers in the cause filed in his court were transferred to the court of the other justice. The parties appeared in that court by attorneys at the time fixed by the justice granting the change, and the case was continued by consent until another date, and the trial set for that date by consent, at which time, the parties and their attorneys being present, a trial was had before a jury resulting in a verdict and judgment thereon for the plaintiff for $63.50 and costs, to which the defendant excepted. Within the time provided by law the defendant filed with the justice before whom the trial was had a notice of appeal, and an appeal undertaking, which was accepted, and thereupon said justice made up a certified transcript of his docket entries with bill of costs, which, in proper time, was filed with the clerk of the District Court; and, as stated in the bill of exceptions, said appeal was taken directly from the court of said justice. Prior to and on the day of the trial the plaintiff filed a petition in the cause,—in its caption describing the cause as in "Justice Court of C. P. Story;" and the cause was so entitled in defendant's answer.

In the District Court a motion of the plaintiff to dismiss the appeal was overruled, which ruling was excepted to by the plaintiff, and on a trial by jury a verdict was returned in plaintiff's favor for the amount of his claim. At the close of

the plaintiff's evidence a motion of defendant that the jury
be instructed to return a verdict in his favor was overruled,
and he excepted. The defendant, after verdict, filed a mo-
tion that judgment be entered in his favor notwithstanding
the verdict, and also a motion for a new trial. The latter
motion does not appear to have been considered, but the mo-
tion for judgment was heard and sustained, and a judgment
was thereupon entered in favor of the defendant, the plain-
tiff excepting thereto, who also thereafter filed a motion for
new trial, stating as grounds that the court erred in render-
ing such judgment notwithstanding the verdict, and that the
judgment is contrary to law and not sustained by the evi-
dence. The overruling of plaintiff's motion to dismiss the
appeal, the entering of judgment notwithstanding the ver-
dict, and the overruling of plaintiff's motion for new trial
are assigned as error.

It is contended on two grounds that the motion to dismiss
the appeal should have been granted: (1) That the justice
from whose court the appeal was taken was without author-
ity to allow the same. (2) That the notice of appeal was in-
sufficient. The contention as to the first ground is that the
justice before whom the case was tried and who rendered
judgment as aforesaid had no authority to allow the appeal,
or to transfer the papers in the cause to the District Court,
but that, after judgment, he should have returned all the
papers to the justice in whose court the case was commenced,
who only was authorized to allow an appeal, as provided by
Section 5220, Compiled Statutes, 1910, one of the ·sections
of the justices' code found in the chapter entitled, "Change
of Place of Trial"; the material part of the section reading
as follows:

"The justice granting such change shall make all neces-
sary docket entries, issue all required processes and have
full jurisdiction of the case up to the time the justice who
is to take his place appears, when he shall turn over his
docket and all papers in the case to the justice selected to
try the same, and such justice shall take charge of and be
responsible for the docket, continue the docket entries and

issuance of all processes and papers, to the close of trial and judgment, whereupon he shall return said docket, and all the papers in the case to the justice having original jurisdiction thereof, as aforesaid, and such justice shall issue all further processes, writs of execution and orders, and grant appeals, stay of execution, and perform any other act or thing required by law, the same as if no change of place of trial or of justice had been granted or had."

Counsel for defendant contend that the appeal was properly taken from the justice rendering the judgment, first, because that is required by the provisions of the justices' code specifically regulating appeals, found in Sections 6261 and 6262, Compiled Statutes, which, having been subsequently enacted, impliedly repealed any contrary provision of Section 5220; the sections thus relied on providing that the notice of appeal shall be filed with the justice by whom the judgment was rendered, and that within five days after the filing of the notice and payment of the costs, or the filing of the bond to secure the same, the justice shall allow the appeal, make a certified transcript of his docket entries and bill of costs, and transmit the same with all papers filed in the case to the clerk of the District Court.

These appellate provisions, it is further contended, are applicable for the reason that, although the transfer of the cause to the justice who tried it was without authority, jurisdiction was acquired by the justice before whom it was tried through the voluntary appearance of the parties in his court, the filing of pleadings and consent to trial therein; and counsel refer to Section 5193, Compiled Statutes, 1910, authorizing the commencement of a civil action before a justice by the appearance and agreement of the parties without summons, and Section 5235 providing for a trial when the parties agree to enter, without process, "any action of which the justice has cognizance."

The controversy respecting the proper method of appeal in this case from the justice court to the District Court is in part the result of conflicting provisions of the justices' code, as published in the Compiled Statutes of 1910, concerning

the procedure upon objection made to a trial before a justice
in whose court the case has been commenced, for a cause
authorizing a change. These provisions are in the chapter
aforesaid entitled: "Change of Place of Trial." And to
clearly understand the effect of Section 5220 upon the pro-
ceedings in this case a consideration of the history of such
legislation has seemed necessary. As originally enacted, the
chapter aforesaid was given the same title as above, and it
then provided for changing the place of trial, by a transfer
of the cause and the papers therein, with a certified tran-
script of the docket entries, to "some other justice of the
same or adjoining precinct"; the statute directing such
change whenever either party, his agent or attorney, shall
make affidavit that the justice before whom the same is
pending is a material witness for the defendant, or that from
prejudice, bias, or other cause, he believes such justice will
not decide impartially in the matter, or if the justice is near
of kin to the plaintiff. (Comp. Laws 1876, Ch. 71, Secs.
98-102.) It was also then provided by statute that more
than one justice might be elected in the same precinct.
(Comp. Laws, 1876, Ch. 28, Art. X, Sec. 1; Rev. Stat. 1887,
Sec. 1899.) And it was usual in some municipal precincts,
the municipality constituting a single justice precinct, to
elect two justices, until by a statute of 1888, that was re-
quired in county seats; that statute providing that each
justice and constable precinct, in which is located the county
seat of any county, shall be entitled to two justices of the
peace and two constables, and that in each of said precincts
two justices of the peace and two constables shall be elected
or appointed in the manner provided by law. (Laws 1888,
Ch. 74, Sec. 1.) By Chapter 72 of the Laws of 1895 it was
provided that one justice of the peace and one constable
shall be elected in such precincts, in each county, as the
board of county commissioners may establish, and the statute
of 1888 and Section 1899 of the Revised Statutes of 1887,
authorizing the election or appointment of two justices and
constables in the same precinct, were repealed.

In the meantime the law was changed concerning the procedure, under certain conditions, upon an application for a change of the place of trial, by an act passed in 1884, entitled: "An Act to provide that justices of the peace may hold court and try causes in other precincts than their own, upon change of place of trial in justices' courts." The first section of that act provided, in substance, that when a change of place of trial shall be granted by any justice of the peace, for any of the causes set forth in Section 98 of the justices' code, and there is no other justice in his precinct, or if any other justice therein is disqualified, absent, unable to act, or objected to by either party, the justice granting the change shall immediately notify the next nearest justice of the peace qualified to try the cause to appear at the office of the justice granting the change upon a day and hour agreed upon by the parties, or fixed by the justice if no time be agreed upon; that the notice to said justice to appear and try the case shall be sent by whom and in such manner as may be agreed upon by the parties, or if no agreement be made, then in such manner as the justice granting the same may deem safe and expedient; and that in case the justice selected to try the case is absent, disqualified or unable to attend, then the next nearest justice within the county shall be notified to appear and try the case. That section is now Section 5219 of the Compiled Statutes, 1910. And Section 2 of the act is now Section 5220 of the Compiled Statutes, and contains the provisions that after judgment the justice having original jurisdiction of the case shall issue all further processes and orders, grant appeals, stay of execution, and perform any other act required by law, the same as if no change of place of trial or of justice had been granted; the provisions upon which it is contended that the appeal in this case should have been allowed by and taken from the justice before whom the case was commenced. Section 3 prescribed the fee and mileage to be allowed the justice summoned to try the case, and by Section 4 all acts and parts of acts inconsistent with any provisions of the act were repealed, so far as in conflict therewith. The several sections of the act,

except Section 4, were incorporated, in their proper order, in the Revised Statutes of 1887 as a part of the chapter of the justices' code relating to a change of place of trial, following the other sections thereof. (Rev. Stat. 1887, Secs. 3446-3448.).

As published in the Revised Statutes of 1899, the first section of said chapter, which specifies the causes for objecting to a trial before a justice, and had provided for a transfer of the suit and the papers therein to some other justice of the *same or adjoining* precinct, the words authorizing a transfer to a justice of the *same* precinct were omitted, so that the provision was made to read that the suit and papers shall be transferred "to some other justice of an *adjoining* precinct." (Rev. Stat. 1899, Sec. 4352.) The evident cause if not justification for that change in the section, as so published, was the amendment of the statute relating to the election of justices of the peace by providing for the election of but one justice in any precinct. And, evidently for the same reason, in publishing in that revision Section 1 of the Act of 1884, which had become Section 3446 of the Revised Statutes of 1887, the words thereof stating the conditions authorizing another justice to be called in to try the case in the court where pending were omitted, thereby making the section provide that when any change of place of trial shall be granted, the nearest qualified justice shall be notified to appear at the office of the justice granting the change. (Rev. Stat. 1899, Sec. 4357.) And those sections are published in the Compiled Statutes of 1910 in the same form as in the revision of 1899. (Comp. Stat. 1910, Secs. 5214, 5219.)

It thus appears, from a reading of the several provisions as they were enacted, that the authority to send the cause to the court of a justice of an adjoining or any other precinct was taken away by the Act of 1884 aforesaid, by providing, instead of such a transfer, for a trial by the next nearest qualified justice at the office of the justice granting the change, if there should be no qualified or available justice of the same precinct or if any such justice was objected to,

and repealing all inconsistent provisions. And also· that the authority to send the case to the court of another justice of the same precinct ·became ineffective through the operation of the later statute providing for only one justice in each established justice and constable precinct and expressly re-pealing the statutes allowing or ·requiring· the election or ap-· pointment of more than one justice in a precinct. Hence that part of the original provisions of the statute found in the present compilation, which directs a transfer of.the cause from the court of the justice wherein it has been commenced or is pending to the court of another justice of an adjoining or another precinct, to ·be there heard and determined, must be considered as having been repealed ·by the said Act of 1884, which expressly repealed all acts and parts of acts·in-consistent with any of its provisions so far as in conflict therewith; thus leaving a justice without authority to so transfer a cause upon objection, in the manner provided by law, to a trial before him, and in making it proper or lawful for him in such case only to follow the provisions for calling in another justice to appear in his court and proceed with the case therein up to and including the rendition of judgment.

We think it clear that Section 5220, when originally en-acted as Section 2 of the Act of 1884, applied only to cases where another justice was notified to appear and proceed with the case at the office of the justice granting the change. It could not have applied to a cause transferred to another justice to ·be proceeded with and tried in his court, which remained authorized and possible if there was another qual-ified and available justice, not objected to, in the same pre-cinct as the justice granting the change, for in such case the statute made no provision for a return of the cause or the papers to the justice who had transferred the same. And for evident reasons it can now ·be applied only where the cause has remained in the court where commenced, or pend-ing when the change was granted, and the other justice has conducted therein the proceedings had before him.

. That was not the procedure in this case. The case was not tried ·before or in the court of the justice before whom

it was commenced, and the judgment was not rendered by
him or in his court, nor was there any record in that court
of the trial or judgment. It is not perceived, therefore, how
an appeal could be taken from that justice to authorize or
to obtain a hearing in the District Court, or that would af-
fect the judgment rendered in the other court, or that it was
necessary or proper to file the notice of appeal with him.
Such notice was filed with the justice who rendered the
judgment, as required by the statute regulating appeals from
justice courts, and we think it was properly so filed. Neither
of the parties is in a position to question the validity of the
change of venue or justice and transfer of the cause, or the
jurisdiction of the justice rendering the judgment. At the
time fixed in the order transferring the cause they appeared
before the justice receiving it, who had undoubted jurisdic-
tion of the subject matter, agreed upon a continuance and
time for trial, filed their pleadings, and allowed the trial to
proceed to verdict and judgment, without objecting to the
transfer of the cause or the justice's jurisdiction, and there-
by waived their right to object to such jurisdiction, or to the
judgment for want of jurisdiction. (40 Cyc. 181; Ivy v.
Yancey, 129 Mo. 501, 31 S. W. 937; Haxton v. Kansas City,
190 Mo. 53, 88 S. W. 714; Koerkle v. Pangborn, 33 Misc.
Rep. 476, 67 N. Y. S. 898; Hitt v. Allen, 13 Ill. 592; Howe
v. Stevenson, 84 Ky. 576, 2 S. W. 231; Hazard v. Wason,
152 Mass. 268, 25 N. E. 465; In re. Whitmore, 9 Utah, 441,
35 Pac. 524; Bell v. Farmville &c R. Co., 91 Va. 99, 20 S.
E. 942; Edwards v. Smith, 16 Colo. 529, 27 Pac. 809; Christ
v. Flannagan, 23 Colo. 140, 46 Pac. 683; Raymond v. Har-
rison, 27 Colo. App. 484, 150 Pac. 727.)

The contention that the notice of appeal was insufficient
cannot be sustained. The objections urged against it are that
it did not sufficiently describe the judgment, because failing
to state the findings of the jury and the amount respectively
of the judgment and costs, and did not purport to be a notice
to the plaintiff as appellee, but merely notified the justice of
the desire to appeal. After stating in the caption the title of
the cause the notice states, that said cause having been tried

before C. P. Story, Justice of the Peace, in the County of Sheridan, on the 11th day of May, 1915, by a jury, and judgment rendered on said date against the defendant and in favor of the plaintiff "for the amount set forth in the petition filed herein and costs. Notice is hereby given by the said defendant to the said Justice of the Peace, that he desires to take an appeal in the above mentioned cause of action to the District Court, within and for the County of Sheridan, Wyoming."

We think it sufficiently described the judgment. The statute provides as to the notice merely that within 15 days after the rendition of the judgment the person desiring to appeal shall file with the justice a notice of such desire. Neither the form nor the substance of the notice is prescribed. No doubt it should be reasonably certain as to the judgment appealed from, but there is no substantial reason for requiring that the amount be stated if it can be and is sufficiently identified without it, and certainly none for stating the findings or verdict of the jury. The title of the cause and the court wherein it was tried and determined are stated in the notice, and also that it was tried by a jury, the date of the trial and judgment, and defendant's desire to appeal. Having thus identified the cause, the party appealing, and the judgment, it must be held sufficient. (24 Cyc. 689; Allen v. Byerly, 32 Ore. 117, 48 Pac. 474; State v. Superior Court, 7 Wash. 223, 34 Pac. 922; Friemark v. Rosenkrans, 81 Wis. 359, 51 N. W. 557; Noall v. Halonen, 84 Wis. 402, 54 N. W. 729; Hender v. Ring, 90 Wis. 358, 63 N. W. 282.)

It was not necessary that the notice be directed to the opposite party, nor does it seem to be intended by the statute as a notice to such party; a notice to him is provided for to be issued by the clerk of the District Court, upon receiving and filing the transcript and papers, and served in the same manner as a summons. (Comp. Stat. 1910, Sec. 5263.)

The defendant's motion for a directed verdict in his favor, made at the close of plaintiff's evidence, was on the ground that such evidence was insufficient to sustain a verdict for the plaintiff; and the motion for judgment notwithstanding

the verdict was made and granted, as we understand, under a statute approved March 2, 1915 (Laws 1915, Ch. 134), reading as follows:

"When, in the trial of a civil action, a motion is made by either party that a verdict be directed in favor of such party, or an instruction to that effect is requested, and the motion or instruction is denied, the trial court, on motion by such party for a new trial or for judgment notwithstanding the verdict, may order judgment to be entered in favor of the party who was entitled to have a verdict directed in his favor; and the Supreme Court, in reviewing the judgment on exceptions and error, may order and direct judgment to be entered in favor of the party who was entitled to have such verdict directed in his favor, whenever it shall appear from the pleadings and evidence that the party was entitled to have his motion or request for a directed verdict granted."

Without that or a similar statute a judgment notwithstanding the verdict based merely upon the evidence would be unauthorized. (Jones v. Chicago, B. & Q. R. Co., 23 Wyo. 148, 147 Pac. 508.) The statute was referred to in the case cited, but not considered further than to state that if it might otherwise have applied it would not apply in that case for the reason that there was no verdict, the jury having been discharged upon failing to agree; and we said that the statute followed a statute of Minnesota and North Dakota. While not a literal copy of the statute in either of those states, it is in substance the same, following more closely the North Dakota statute, except that in each of the states aforesaid the statute provides that when the motion for directed verdict has been made and denied, the trial court, on a motion for judgment notwithstanding the verdict or for a new trial, "shall" order judgment to be entered in favor of the party who was entitled to have a verdict directed in his favor, while our statute provides that the court "may" order such judgment to be entered, making the statute in that respect permissive instead of mandatory, as held under a similar statute in Massachusetts. (Grebenstein v. Stone & Webster Eng. Corp., 205 Mass. 431, 440, 91 N. E. 411.) And the

statute in Minnesota and North Dakota grants the authority for such judgment when "at the close of the testimony," a motion to direct a verdict is made and denied, while our statute, omitting the words "at the close of the testimony," provides for the exercise of the authority conferred "when, in the trial of a civil action," a motion that a verdict be directed is made or an instruction to that effect is requested, and the motion or instruction is denied.

Applying the North Dakota statute, it is held that a motion made by a defendant for a directed verdict in his favor at the close of plaintiff's case must be renewed at the close of all the testimony to authorize a judgment for defendant notwithstanding a verdict for the plaintiff. (Landis Machine Co. v. Konantz Saddlery Co., 17 N. Dak. 310, 116 N. W. 333; McBride v. Wallace, 17 N. Dak. 495, 117 N. W. 857.) And we have seen nothing in the Minnesota decisions indicating a contrary practice in that state, although the point does not seem to have been decided there except by holding that to authorize the judgment there must be a motion or requested instruction for a directed verdict at the close of the testimony. (Netzer v. Crookston, 66 Minn. 355, 68 N. W. 1099.) It was also held in Landis Mach. Co. v. Konantz Saddlery Co., supra, that where a defendant introduces testimony after a denial of his motion at the end of plaintiff's case without renewing the motion at the close of all the testimony, he waives his right to have the ruling on such motion reviewed. And that is the general rule. (38 Cyc. 1590, 1591; Grand Trunk Ry. Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. 493, 27 L. Ed. 266; U. P. Ry. Co. v. Callaghan, 161 U. S. 91, 16 Sup. Ct. 493, 40 L. Ed. 628; Huellmantel v. Vinton, 112 Mich. 47, 70 N. W. 412; Bernheimer v. Becker, 102 Md. 250, 62 Atl. 526, 3 L. R. A. N. S. 221, 111 Am. St. Rep. 356; 111 Am. St. Rep. 356; Langan v. Enos Fire Escape Co., 233 Ill. 308, 84 N. E. 267; Cincinnati Traction Co. v. Durack, 78 O. St. 243, 85 N. E. 38, 14 Ann. Cas. 218; Wild v. Boston & Maine R. Co., 171 Mass. 245, 50 N. E. 533; Greder v. Stahl, 22 S. Dak. 139, 115 N. W. 1129.)

Whether the last mentioned rule should be held to apply under our statute aforesaid, or whether a judgment for defendant notwithstanding a verdict for the plaintiff upon all the evidence is authorized by the statute, if otherwise proper, where the defendant, having introduced evidence after the denial of his motion for a directed verdict at the close of plaintiff's case, has neither renewed such motion nor requested an instruction to the same effect at the conclusion of all the evidence, are questions not presented or suggested by the briefs. But they are too important to be passed without consideration in disposing of this case, the first in this court involving the application of the statute. The questions are material, for evidence was introduced by the defendant after his motion at the close of plaintiff's case was denied, and it was not renewed at the conclusion of all the evidence nor was an instruction then requested to the same effect, but the case was submitted to the jury upon all the evidence.

· The clear purpose of the statute was to save the necessity in proper cases of ordering a new trial for error in refusing to direct a verdict, and thus, so far as that might do it, expedite the final determination of causes, as stated in the title of the act. The statute was enacted in Minnesota in 1895, and it was explained and construed as to its effect in Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W. 958. After referring to the common law rule authorizing a judgment *non obstante veredicto* only upon the record, and then only when it was clear that upon the pleadings the cause of action, or the defense, did not, in point of substance, constitute a legal cause of action or defense, the court, in the case cited, said:

"By enacting Laws 1895, C. 320, the Legislature was not creating a new remedy, but merely extended, as has been done in many other states, the common law remedy to cases where, upon the evidence, either party was clearly entitled to judgment. In thus extending the remedy it must be presumed that the Legislature intended it to be governed by the same rules which applied when it was granted upon the record alone; that is, that it should not be granted unless it

clearly appeared from the whole evidence that the cause of action, or defense, sought to be established could not, in point of substance, constitute a legal cause of action or a legal defense. This court has acted on this construction of the statute and refused to order judgment even where there was a total lack of evidence on some material point, but where it appeared probable that the party had a good cause of action or defense, and that the defect in the evidence could be supplied on another trial."

And that construction is followed in North Dakota, the Supreme Court of that state saying, in Aetna Indemnity Co. v. Schroeder, 12 N. Dak. 110, 95 N. E. 436, 1 Ann. Cas. 368:

"Plaintiff moved for a directed verdict in his favor at the close of the testimony, and, after verdict, asked for judgment notwithstanding the verdict or for a new trial. It is now urged that judgment notwithstanding the verdict should be directed by this court, under the provisions of Chapter 63, p. 74, Laws 1901. That law was originally enacted in Minnesota in 1895, and the construction placed upon it by the Supreme Court of Minnesota is deemed to have been adopted by its enactment in this state. The practice is well settled in that state that a motion for judgment notwithstanding the verdict will only be granted in those cases where it is clear, as a matter of law, upon consideration of all the evidence, that the cause of action or defense has not been shown in point of substance. If it appears probable from the evidence produced at the trial that proof can be supplied on another trial to cure the defect, such motion will be denied. (Marquardt v. Hubner, 77 Minn. 442, 80 N. W. Rep. 617; Cruikshank v. Insurance Co., 75 Minn. 266, 77 N. W. Rep. 958; Richmire v. Andrews & Gage Elev. Co., 11 N. D. 453, 92 N. W. 819.) In other words, such motion for judgment will not be granted in case of conflict of evidence, although such conflict is such that the trial court will be justified, in its discretion, in granting a new trial notwithstanding it. The party making such a motion must base it upon a state of facts that will warrant the court in granting it, without tres-

passing upon the province of the jury to be the judges of all questions of fact in the case." ·

And such construction of the statute is held necessary to prevent its infringing upon the constitutional right of a party to have the facts determined by a jury instead of absolutely by the court.   (Kernan v. St. Paul C. R. Co., 64 Minn. 312, 67 N. W. 71; Marengo v. Great Northern Ry. Co., 84 Minn. 397, 87 N. W. 1117, 87 Am. St. Rep. 369; and see note to note to B. & O. R. Co. v. Nobil, Ann. Cas. 1913A, 1024, stating the result of the Minnesota and North Dakota decisions under the statute aforesaid, and citing cases.)   In Minnesota, also, while the motion for judgment . may be combined with a motion for new trial, and that seems to be the usual practice in that state, asking either relief in the alternative, it is held that the statute does not authorize the entering of such judgment merely upon a motion for new trial.   (Kernan v. St. Paul C. R. Co., supra; Crane v. Knauf, 65 Minn. 447, 68 N. W. 79; Netzer v. Crookston, supra; and see St. Anthony Falls Bank v. Graham, 67 Minn. 318, 69 N. W. 1077.)

While we think that the previous construction in the states aforesaid respecting the general effect of the statute must be held to have been adopted with the enactment of the statute in this state, we are not, perhaps, bound by the construction in those states as to the time for making the prerequisite motion for a directed verdict based upon the provision of their statute for making it "at the close of the testimony," since the words specifying that time for the motion are not in our statute.   But there does not seem to us to be any substantial distinction between the statutes in that respect.   The statute is to be understood as providing for a judgment not upon part but upon all of the evidence submitted to the jury and upon which the verdict was rendered, when a motion or request that a verdict be directed upon that evidence has been denied.   A different interpretation, one that would permit a judgment for defendant notwithstanding the verdict upon a consideration alone of the plaintiff's evidence, where evidence introduced by the defendant was submitted to and

considered by the jury, would be unreasonable, and it might lead to unfair, if not absurd, results. The defendant's evidence may have materially aided the plaintiff's case, or the latter, by the court's permission, may have introduced material evidence in his behalf in rebuttal, or on a reopening of the case for that purpose. And we do not think it was intended by the statute that the plaintiff might be deprived of the benefit of such additional evidence, or that the provisions of the statute require it to be so construed.

A further and convincing reason for this construction, when the defendant has introduced evidence after a denial of his motion for a directed verdict at the close of plaintiff's case without renewing the motion or requesting such an instruction at the close of all the evidence, is found in the apparently well settled rule aforesaid that the defendant, under such circumstances, waives his motion. It is clear that in such case the ruling denying the motion, though erroneous, would not be ground for new trial. That question was discussed at length, with a review of the authorities, in Cincinnati Traction Co. v. Durack, supra, where it was held by the Supreme Court of Ohio that the defendant loses the benefit of his motion made at the close of plaintiff's case by introducing evidence without afterwards renewing the motion, or, as said in the opinion: "In other words, proceeding with the defense waived the motion, unless it was afterwards renewed."

The motion and the error, if any, in denying it, having been waived, it is difficult to see how it can have any standing in the case as one of the prescribed conditions authorizing a judgment notwithstanding the verdict. The manifest object of the statute, as above indicated, is to allow such a judgment upon a proper motion when justified by the evidence under the issues, instead of granting a new trial. That is to say, that the error, if any, in refusing upon motion or request to direct a verdict, which, prior to the enactment of the statute, could have been alleged only as ground for new trial, may also be a ground for judgment notwithstanding the verdict. But it must be an error of which the moving

party has the right to complain. It is not conceivable that it was intended by the statute to authorize a judgment against a verdict without reversible error in denying the motion or request for a directed verdict. The theory of the statute, as we see it, is that the evidence being clearly insufficient to establish the alleged cause of action or defense, and error having been committed in refusing to direct a verdict upon such evidence, the court shall not be limited to granting a new trial on that account, but, upon proper motion, may enter a judgment for the party entitled thereto. And it follows that when the motion for a directed verdict has been waived it is no more a ground for entering judgment notwithstanding the verdict than it would be for granting a new trial. The reasons for the waiver rule aforesaid on a motion for new trial apply with equal, if not greater force, where the motion is for judgment notwithstanding the verdict.

The defendant having waived his motion for a directed verdict in his favor, the judgment was not authorized by the statute. As the defendant's motion for new trial was not acted on by the trial court, it does not seem proper for us to consider the points discussed by counsel with reference to the right of the plaintiff to recover upon his evidence. The judgment will be reversed, and the cause remanded with instructions to enter a judgment upon the verdict unless a new trial be granted upon defendant's said motion therefor.

BEARD, J., concurs.                          *Reversed.*

SCOTT, J., did not sit.